## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Reginald Payton and Payton Studios, Inc., an Illinois corporation, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.07 CV 3736 |
| CITY OF CHICAGO, a municipal Corporation, et al., | ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF MOTION

TO:     Simon Love, Esq.
        10218 South Wood Street
        Chicago, IL 60643


**PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court. the **CITY OF CHICAGO'S and POLICE OFFICER BELL AND SERGEANT JOZEOWICA'S MOTION TO DISMISS** , a copy of which is attached hereto and herewith served upon you.


**DATED** at Chicago, Illinois this **6ᵗʰ day of September, 2007.**


Respectfully submitted,
MARA S. GEORGES
Corporation Counsel
City of Chicago


By:  _____
     John B. Viverito
     Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1040
Chicago, Illinois 60602
(312) 744-0677
Atty. No. 6271501

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **CITY OF CHICAGO'S and POLICE OFFICER BELL AND SERGEANT JOZEOWICA'S MOTION TO DISMISS** to be mailed to the person named in the foregoing Notice at the address therein shown, on this **6th day of September, 2007.**

John B. Viverito
Assistant Corporation Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Reginald Payton and Payton Studios, Inc., ) | |
| an Illinois corporation, ) | |
|     Plaintiff, ) | |
| v. ) | No.07 CV 3736 |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| Corporation, et al., ) | |
|     Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants City of Chicago ("the City"), by their attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Officers Bell and Sergeant Jozefowicas, respectfully move to dismiss Plaintiff's First Amended Complaint At Law, pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, the City Defendants state as follows:

## I.    INTRODUCTION

This motion seeks to dismiss Plaintiff's First Amended Complaint. Plaintiff filed his First Amended Complaint more than two and a half years after the date of the alleged incident on January 2, 2005. Further, Plaintiff First Amended Complaint does not relate back to his original Complaint filed in state court sounding in state tort claims because that Complaint was not timely filed pursuant to Section 745 ILCS 10/8-101 of the Illinois Tort Immunity Act where the statute of limitation for governmental entities and their employees is one year. Thus, Plaintiff First Amended Complaint should be dismissed.

## II.    FACTUAL BACKGROUND

The Plaintiff rented a photography studio located at 2709 West Fulton, Chicago, Illinois. (*See Plaintiff First Amended Complaint at ¶ 12, attached as Exhibit B*). On March 1, 2001 the Plaintiff had entered into a lease agreement with Mike Federow for a term of three years ending on February 28, 2004. (*Exhibit B at ¶ 12*). Upon the expiration of the lease, the Plaintiff and Federow were negotiating a new lease with an option to buy. *(Id. at ¶ 14)*. The lease continued from its expiration date on a month to month basis. *(Id. at ¶ 14)*.

On January 2, 2005, around 6:00 p.m. the Plaintiff's photography studio was unlawfully entered and searched by the Chicago Police Department. *(Id. at ¶ 15)*. After entering the premises, the Chicago Police Officers told the Plaintiff he must leave the premises. *(Id. at ¶ 20)*. Plaintiff was then forcibly removed from the premises by the Chicago Police Officers. *(Id. at ¶ 32)*. Plaintiff was never given an explanation as to the circumstances that gave rise to the eviction. *(Id. at (Id. at ¶ ¶ 23, 29)*. Plaintiff also at no time relevant to the proceeding actions received an arrest warrant, search warrant or court order from the defendants mandating his eviction. *(Id. at ¶ 40)*.

## III    COUNTS

Count I attempts to allege that the City of Chicago Police performed an illegal search which violated the Fourth Amendment of the United States Constitution and Section 1983. Count II attempts to alleged that the City of Chicago Police violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, and the Fourteenth Amendment right to due process of the United State Constitution and Section 1983. Count III attempts to alleged that the Chicago Police Department used excessive force that violated the Plaintiff's due process

2

and equal protection of the law under the Fourteenth Amended of the United States Constitution. Count IV attempts to allege that the City of Chicago Police failed to provide the proper notice under Illinois State law and forcibly evicted the Plaintiff from his leases premises. As a result of the eviction, the Plaintiff was deprived of his right of quite enjoyment of the leased premises as Defendants' showed an utter indifference to the Plaintiff's constitutional rights. Count V attempts to alleged a claim for conversion of real property damaged or lost due to the eviction. Plaintiff claims that Defendants' were callously indifferent to the constitutional rights of the Plaintiff. Count VI attempts to allege a Conspiracy claim against the Chicago Police Department where the Plaintiff was deprived his rights to equal protection under the law and due process secured by the Fourteenth Amendment to the United State Constitution and Section 1985. Count VII attempts to allege an Illinois State law claim of trespass. Last, Count VIII attempts to allege an Illinois State Law claim for Intentional Infliction of Emotional Distress.

All Counts have a prayer for relief that requests an award of attorney's fees.

Plaintiff's original Complaint attempts to allege state tort law claims for wrongful eviction and excessive force which resulted in personal injury and property damage against the City of Chicago Police Department. (*See Exhibit A*).

## IV.    STANDARD OF REVIEW

While the Court generally should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), "[e]ven the liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a plaintiff bases his claim." Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 198 (7th Cir. 1985)

(citations omitted). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. See R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989). Moreover, a court is "not required 'to ignore any facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law.'" City National Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir. 1994) (citations omitted).

## VI.    ARGUMENT

### A.    PLAINTIFF'S ORIGINAL COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiff's original Complaint attempts to allege a state law claim for wrongful eviction and excessive force against the Chicago Police Department and it's Officers. The Complaint also attempts to allege a respondeat superior claim against the City for these claims committed by the Officers. The Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides as follows:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purpose of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State."

745 ILCS 10/8-101.

Plaintiff's wrongful eviction and excessive force claims against the Officers, and his respondeat superior claim against the City, are clearly subject to the one year statute of limitations set out in the Tort Immunity Act. As alleged in plaintiff's original Complaint, the Chicago police officers were employed by the City who were, at all relevant times to Plaintiff's

4

original Complaint, acting within the scope of their employment. Plaintiff alleges that he was wrongfully evicted by the use of excessive force on January 2, 2005. Yet he did not file his original Complaint until December 26, 2006, almost one year after the statute of limitations period had run. Therefore, Plaintiff's original Complaint is time barred and should be dismissed.

**B.      PLAINTIFF'S FEDERAL CLAIMS ARE SUBJECT TO DISMISSAL FOR FAILURE TO COMPLY WITH THE TWO YEAR STATUTE OF LIMITATION WHICH DO NOT RELATE BACK TO THE ORIGINAL COMPLAINT.**

Plaintiff's original Complaint was not timely filed and, therefore, Plaintiff First Amended Complaint alleging a combination of both State and Federal Claims must also be time barred by the statute of limitation. "Federal Rule 15( c) provides that an amended complaint relates back to the date of the original complaint for purposes of tolling the statute of limitations where 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Fed. R.Civ.P. 15 ( c)(2)* citing: *Henderson v. Bolanda,* 253 F.3d 928, 931 (7th Cir. 2001). "An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *51 Am.Jur.2d Limitations of Actions § 263 (2000);* citing *Henderson v. Bolanda,* 253 F.3d 928, 931 (7th Cir. 2001). "If an original complaint against Illinois local governmental defendants is not filed within one year of the injury and does not claim a constitutional violation, we will not deem a later §1983 claim timely merely because it rests on the same factual allegations included in the original complaint." *Williams v. Lampe,* 399 F.3d 867, 871(7th Cir. 2005); citing *Henderson v. Bolanda,* 253 F.3d 928, 932 & n.

5

3 (7th Cir. 2001). Here, Plaintiff's original Complaint was filed in state court and was sounding in Illinois state tort law. He filed his original Complaint almost one year after the statute of limitation had run. Plaintiff's First Amended Complaint was also filed in state court and, for the first time, alleges Federal claims against a local public entity and its employees. Further, Plaintiff's First Amended Complaint was filed on June 11, 2007. Plaintiff's Federal claims were raised for the first time almost six months after the two year statute of limitation period had run . Since the original Complaint was untimely and did not raise any constitutional violations, Plaintiff's First Amended Complaint must also be dismissed. Hence, where the Plaintiff pleads facts which establish a statute of limitations defense, the court may conclude that the Plaintiff has pled himself out of court and, accordingly, dismiss his claims.

## VII.  CONCLUSION

This Court should grant this motion to dismiss the Plaintiff's First Amended Complaint because plaintiff failed to commence this litigation within the appropriate statute of limitations.

Wherefore, the Defendants respectfully request that this Court enter an order dismissing

6

the Plaintiff's First Amended Complaint against it and it's officers named or unnamed pursuant to Fed. R. Civ. P. 12(b)(6), and any other relief this Court deems just.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for
the City of Chicago

BY: _____

John B. Viverito
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1040
Chicago, Illinois 60602
(312) 744-0677
Atty. No.6271501

7