**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

REGINALD PAYTON AND PAYTON
STUDIOS, INC., an Illinois corporation,

      Plaintiffs,

      -vs-

No. 07 CV 3736

CITY OF CHICAGO, et al.,
      Defendants.

## NOTICE OF FILING

To:    John B. Viverito, Esq.
        Assistant Corporation Counsel
        30 North LaSalle Street-Suite 1040
        Chicago, IL 60602

**PLEASE TAKE NOTICE** that I filed this day with Clerk of the above Court the

**PLAINTIFFS' REPLY TO MOTION TO DISMISS**, a copy of which is attached and

herewith served upon you.

**DATED** at Chicago, Illinois this **18th day of October 2007.**

Respectfully submitted,

Simon Love, Attorney for Plaintiffs

Simon Love
10218 South Wood Street
Chicago, IL 60643
(312) 882.0881
Atty. Code 22114

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **PLAINTIFFS' REPLY TO MOTION TO DISMISS** to be personally delivered to the persons named and at the address above in the foregoing Notice of Filing on or before 4:30 p.m. this 18th day of October 2007.

Simon Love

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KC **FILED**
OCT 1 8 2007
10-18-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**REGINALD PAYTON AND PAYTON
STUDIOS, INC., an Illinois corporation,**

      Plaintiffs.

      -vs-

**CITY OF CHICAGO; PHILIP J. CLINE,
Chicago Police Superintendent,
individually and in his official capacity; JOHN DOE,
yet unknown employee of the Chicago Police Department
Chicago Police Officers Sergeant JOZEFOWICZ No. 1666,
Officer CENTENO No. 15252, and Officer BELL No. 13943;
MICHAEL FEDEROW; MARGARET MAHON; and
MMM FULTON TRUST,**
      Defendants.

No. 07 CV 3736
Judge Lefkow

2007 OCT 18 PM 5:01

### PLAINTIFFS' REPLY TO MOTION TO DISMISS

Plaintiffs Reginald Payton and Payton Studios, Inc. (collectively "Payton"), by their attorney Simon Love, for their reply to the Motion to Dismiss filed pursuant to Fed.R.Civ. P. 12(b)(6) on behalf of the City of Chicago (the "City") and Officers Bell and Sergeant Jozefowicas, state as follows:

### I.    PROCEDURAL HISTORY

On December 29, 2006, Payton filed *pro se* a narrative one page complaint (the "Original Complaint") in state court for damages resulting from concerted action with private citizens and police officers making an illegal entry on to his business premises on January 2, 2005 (*See Exhibit A*). Simultaneously, summons was issued to Chicago Police Officers Bell and Jozefowicz )(both moving for a dismissal of the Original Complaint and First Amended Complaint), Police officer Centeno, Mike Federow, Margaret Mahon and MMM Fulton Trust.

(*See Exhibit B*). After filing the Original Complaint, Payton retained counsel who filed the First Amended Complaint on June 11, 2007. (See Exhibit C). Defendant City removed the action to federal court on July 13, 2007, and filed its motion to dismiss the City, Bell and Sergeant Jozefowicz on September 6, 2007.

## II. RELEVANT FACTS

This case has evolved into federal civil rights case based on unusual alleged facts and circumstances. There is no incident or police report to rebut the allegations which occurred on January 2, 2006. Defendants Bell and Centeno without authority of Plaintiff entered his business premises, uniformed and armed. (Ex. C ¶ 18 ). They forcibly removed him from the premises and they stated that "our Sergeant stated that you (Payton) have to get out now and we have to put you out". (*Id.* at ¶ 22). At that time, Defendant Mike Federow was present and the police officers said he was there to secure the property (*Id.* at ¶ 27). Despite queries as to the basis of this police action, Payton was told that he had to leave even though there was no search warrant, arrest warrant or other paper work. The police officers escorted him off the property through a show of force and intimidation. (*Id.* at ¶ 32). Payton was not allowed to take his personal possession or trade fixtures; they only allowed him to take the clothes on his back. (*Id.* at ¶ 31). For approximately one-half hour Bell and Centeno made Payton wait outside in the cold winter weather while Mike Federow installed a wrought iron gate and bar on the outside door, which was the front entry to the premises. (*Id.* at ¶35). Payton told Bell and Centeno that what they were doing was illegal. (*Id.* at ¶ 30). During that time defendant Sergeant Jozefowicz arrived on the scene in his squad car to give the explanation that he (Payton) should have been out of the property already. *(Id* at ¶ 38). Payton repeatedly told Sergeant Jozefowicz that he needed access to secure his possessions and property and was denied access. (*Id.* at ¶ 39). Meanwhile, Mike Federow, Bell and Centeno had full access to the premises and Payton's possessions. (*Id.* at ¶ 39). Payton unwillingly left the premises with Bell, Centeno, and Mike Federow in charge. (*Id.* at ¶ 39). Payton made two subsequent futile attempts on January 3rd and January 4th to get the police to give him re-entry to his property; he was told by the yet unknown 13th District Commander that the police would not assist him in getting back into the property

2

since the officers had put Payton out of the property, regardless of what a judge or plaintiff thought the police should do. (*Id.* at ¶ *41).*

### III.   STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in Plaintiff's favor. Dawson v. Newman, 419 F.3d 656, 658 (7th Cir. 2005). The Court will grant a motion to dismiss only when "it appears that the Plaintiff can prove no set of facts in support of his claim for relief." Phelen v. City of Chicago, 347 F.3d 679, 681 (7th Cir. 2003).

### IV.   ARGUMENT

#### A. The Original Complaint was filed within the Statute of Limitations for the Claims as Alleged.

The Original Complaint filed December 29, 2006 was intended to get redress against individuals acting with authority and in concert with private citizens.  Given the benefit of doubt, Plaintiff filing *pro se* did not articulate a precise legal theory of recover. He knew he was wronged and the police took sides against him in a private contractual matter

The cause of action under 42 U.S.C. §1983 is a special tort action governing these facts to give plaintiff the remedy he sought.  The statute of limitations for that action is based on state law, which provides a two year limitation period.  See, Anderson v. Village of Forest Park, 238 Ill. App. 3d 83, 179, Ill Dec. 373, 606 N.E.2d 205 (1992).  The Original Complaint was filed December 29, 2006, just within this two year limitation period.  The First Amended Complaint was also timely as it relates back to the Original Complaint.

#### B. The First Amended Complaint is Timely in Relation to the Original Complaint

Payton's First Amended Complaint, filed in state court on June 11, 2007, long before City's Motion to Dismiss and removal to federal court, added no new element of surprise, and joined additional  parties; namely, the City of Chicago, Superintendent Phillip J. Kline, and John Doe, an unknown employee of the Chicago Police Department.  To avoid the risks of *res judicata* or *collateral estoppel* Payton asserted in the amended complaint all claims that existed

3

to federal court, the state case based on the amended complaint has been dismissed for want of prosecution.

## V.    CONCLUSION

For the foregoing reasons, this Court should deny the City's motion to dismiss the First Amended Complaint in the interest of justice and fairness.

**WHEREFORE,** the Plaintiffs Reginald Payton and Payton Studios pray for an order denying the Defendant's Motion to Dismiss and any other relief this Court deems just and equitable.


Respectfully submitted,


By:_____

Simon Love
Attorney for Plaintiffs


Simon Love
Attorney for Plaintiffs
10218 South Wood Street
Chicago, IL 60643
312.882.0881
Atty. No.: 22114

**EXHIBIT A**

**PAYTON STUDIOS Inc.**
P.O. Box 10113
Chicago, IL 60610
312-661-0049
rpayton@paytonstudios.com

December 29, 2006

On Sunday January 2, 2005 Officers Centeno-Badge #15252, Officer Bell–Badge #13943 and Sergeant Jozefowicz-Badge #1666 of the Chicago Police Department illegally entered my premises located at 2709 W. Fulton Street. They officers forcible removed me from my commercial business without cause. Michael Federow the co-owner of MMM Fulton Trust who are the owners of the property assisted the police in the eviction. Margaret Mahon conspired with Michael Federow in the eviction.

I have owned and operated my commercial photography and video production studios for over twenty-five years in Chicago, since 1881. My business had been housed at 2709 W. Fulton Street, Chicago, IL 60612 since October, 1999.

The legal process to get back into my business took over three weeks. I was illegally evicted on January 2, 2005 and returned with a court order from Judge Lynch on January 24, 2005. Upon arriving at my business with a police escort I found almost all of my photography, video equipment and major appliances had been stolen. The unit was three levels. Mr. Michael Federow stated he and the owner Margaret Mahon had decided to move my equipment and business materials from the second and third floors and then placed them on the first level.

After an inventory I found there was over $150,000 in theft and damages. I have also loss over 800 original images that had been shot over my twenty-five year career. Each image has a current market value of $1,500 each.

Due to the illegal eviction by members of the Chicago Police Department and MMM Fulton Trust I have endured major financial, business and psychological hardships. After twenty-four years of owner operating a commercial photo/video business. I have been without a facility or equipment to run a facility for the past two years. I ask the court to hold the members of the Chicago Police Department and owners of MMM Fulton Trust liable in the recovery of damages.

Reginald T. Payton
PAYTON STUDIOS Inc.

**EXHIBIT B**

ALIAS SUMMONS ~ Served By Publication

CCG N001-75M-2/28/05 (4348

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, _____ DIVISION**

(Name all parties)

07-852 91

REGINALD PAYTON / PAYTON STUDIOS

v.

CHICAGO POLICE DEPARTMENT
SERGEANT VOZEFOWICZ #1666
OFFICER BELL #13943
OFFICER CENTENO #15252

07-852 93
07-852
07-852 94

2006L013662
CALENDAR/ROOM
TIME 00:00
Other Com Litigat

No. _____

937 N. WOODS ST
CHICAGO, IL. 60622

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date DEC 29 2006

No.: _____

Name: REGINALD PAYTON

For: _____

Address: P.O. BOX 10113

City/State/Zip: CHICAGO, IL. 60610

Telephone: 312-661-0049

by Facsimile Transmission will be accepted at: _____

WITNESS, _____

_____, _____

DOROTHY BROWN
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code) (Facsimile Telephone

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, I

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**REGINALD PAYTON AND PAYTON
STUDIOS, INC., an Illinois corporation,**

       Plaintiffs.

       -vs-                          No. 07 CV 3736
                                     JURY DEMAND

**CITY OF CHICAGO; PHILIP J. CLINE,
Chicago Police Superintendent,
individually and in his official capacity; JOHN DOE,
yet unknown employee of the Chicago Police Department
Chicago Police Officers Sergeant JOZEFOWICZ No. 1666,
Officer CENTENO No. 15252, and Officer BELL No. 13943;
MICHAEL FEDEROW; MARGARET MAHON; and
MMM FULTON TRUST,**

       Defendants.

## FIRST AMENDED COMPLAINT AT LAW

Now Comes, plaintiffs, Reginald Payton and Payton Studios, Inc. by and through their attorney, Simon Love, and complain as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1981, 1983 *et seq.*; the Constitution of the United States and the Fourth, Fifth, Ninth and Fourteenth Amendments thereof. The amount in controversy exceeds $50,000, exclusive of costs and interest against each Defendant.

### INTRODUCTION

2. On Sunday, January 2, 2005, to start the New Year, a contingent of heavily armored, uniformed Chicago Police officers, without consent or a search warrant appeared at Plaintiff's place of business with Michael Federow, in a misdirected, unlawful attempt to evict Plaintiff prior to suit for forcible eviction and detainer as required under Illinois

law. Plaintiff was a tenant then month-to-month after a long-term lease had ended with Defendant Federow. Defendant Federow falsely stated that contraband existed on the premises, yet none was recovered or even searched for. At the time and place, Plaintiff was denied entry into his business premises under the pretext of an "investigation". Defendant police officers, Sergeant Jozefowicz, Centeno and Bell threatened and intimidated Plaintiff for the duration of their investigation at Plaintiff's business. Plaintiff was not free to leave the presence of the said defendant police officers, who assisted defendant Michael Federow in securing the loft apartment to the exclusion of Plaintiff and his business invitees. Defendant police officers neither secured an arrest warrant for Plaintiff, nor filed a report of their action based on defendant Michael Federow's complaint. Said defendant police officers proffered a document purporting to be and eviction order, and did not leave a copy with Plaintiff. After the investigation, Plaintiff was told he could not re-enter his business premises and he left the Property at the direction of the defendant police officers. Plaintiff had to secure a court order to regain entry to his business premises. With the court order in hand and escorted by police officers not named defendants in this suit, plaintiff Reginald Payton secured possession on January 25, 2005. At that time, he discovered that almost all of his photography equipment, video equipment, major appliances and business records were stolen and the Property was vandalized or ransacked. Plaintiff also lost irreplaceable photographic images (approximately 800) that were shot over his 25 year career as a commercial photographer. This is an action for money damages brought against the above named defendants for violation of plaintiffs' Federal, and State constitutional and statutory rights attendant to wrongful eviction, conspiracy, conversion, trespass, false imprisonment and intentional inflection of emotional distress. No arrest or any criminal charges were made against the Plaintiffs by Defendants.

PARTIES

Plaintiffs

3. Reginald Payton is a 52 year old citizen of the United State and resident of Chicago, Illinois, who at all times mentioned, was the principal owner and operator of Payton Studios Inc., the commercial photography business at 2709 W. Fulton Street, Chicago, IL 60612.

2

4. Payton Studios, Inc., an Illinois corporation which had a principal office and place of business at 2709 W. Fulton Street, Chicago, Illinois 60612 at the time of the matters alleged herein.

Defendants

5. Defendant City of Chicago is an Illinois municipal corporation, and is the employer of Chicago Superintendent of Police Philip J. Cline; John Doe a yet unknown Commander of the 13th District of the Chicago Police Department; and Chicago Police officers: Sergeant Jozefowicz, Badge No. 1666, Officer Centeno Badge No. 15252, and Officer Bell, Badge No. 13943. The Defendant City of Chicago is liable for constitutional deprivations visited upon plaintiffs pursuant to governmental custom, policy or practice.

6. Defendant Philip J. Cline was and is at all times mentioned in this complaint, the Chief of Police of the Chicago Police Department. As such his position is responsible for the policies, practices and customs of the department. He is sued individually and in his official capacity.

7. Defendant John Doe is a yet unknown employee of the Chicago Police Department in the management position as District Commander of the 13th District Police Station of the Chicago Police Department. As such his position is responsible for the policies, practices, customs and personnel of the 13th District police station. He is sued individually and in his official capacity.

8. Defendants Sergeant Jozefowicz, Badge No. 1666; Officer Centeno, Badge No. 15252; and Officer Bell, Badge No. 13943 at all times mentioned in the complaint are Chicago Police officers and each are sued individually and in the official capacity.

9. Defendants Michael Federow and Margaret Mahon are citizens of the United States and residents of the City of Chicago and beneficial owners of the MMM Fulton Trust.

10. Defendant MMM Fulton Trust is an Illinois Trust and legal title holder of the property at 2709 W. Fulton, Chicago, Illinois 60612.

11. All governmental defendants were, at all times material to this complaint, acting within the scope of their employment and under color of law.

3

FACTS

12. On or about March 1, 2001, Plaintiffs, as Tenant, and Defendant Mike Federow, as Landlord, entered into a valid commercial lease for a three year term beginning March 1, 2001 and ending on February 28, 2004, for the use and occupancy of the loft premises at 2709 W. Fulton, Chicago, Illinois 60612 (the "Property") as a commercial photography studio.

13. The Property was a three story loft, approximately 2,900 square feet, having an entrance on Fulton, three entrances on the rear, and one on the third floor patio. At Plaintiffs' cost and expense, the Plaintiffs made improvements on the Property and attached trade fixtures as the Property was not finished for Plaintiff's intended use.

14. Upon the expiration of the lease, Plaintiffs and Defendant Mike Federow were negotiating a new lease with an option to purchase the Property by the Plaintiffs, so the lease continued on a month-to-month basis on the same terms as the expired lease during the material time of the matters alleged in this complaint.

15. On Sunday January 2, 2005 around 6:00 p.m., Plaintiff Reginald Payton was present on the Property and he heard the burglar alarm warning him someone had forcibly entered the Property without authority or consent.

16. Plaintiff Reginald Payton on hearing the alarm went to the third floor level of the loft and returned to the second floor where heard voices and asked for the intruders to identify themselves. There was no response.

17. Said Plaintiff returned to the second floor level seeking cover and protection from the intruder as he was thinking a burglary or home invasion was imminent.

18. Without provocation, warning or identification, Defendants Centeno and Bell uniformed and armed with automatic weapons opened the entry door to the second floor level which gave them immediate access to the business office section of the studio whereupon Defendant Reginald Payton asked what's going on?

19. Defendants Centeno and Bell asked for Reginald Payton, who identified himself as that person and asked why.

20. Said defendants stated that Plaintiff Reginald Payton had to leave the premises immediately.

4

21. Plaintiff, not believing what he heard, asked for the basis on which he had to leave the Property.

22. Defendant officers Bell and Centeno, stated "our Sergeant said you have got to get out now and we have to put you out".

23. Plaintiff Reginald Payton deemed this action incredulous and asked more questions as to the basis for this police action whereupon, he was told by the defendant officers that they did not know, but were following orders.

24. While Plaintiff Reginald Payton and the two defendant police officers were discussing the basis for ousting Plaintiff from the property, the intimidation by said officers increased because Plaintiff was not prepared to leave and questioned the legal basis for evicting him from the Property.

25. Shortly afterwards defendant Mike Federow entered the second floor level of the Property where defendant Centeno and Bell were located.

26. At that time, Plaintiff asked the police officers what was the purpose of defendant Mike Federow being present and these defendants responded by saying defendant Federow was there to secure the Property.

27. Facing the collective assault on plaintiff's right to possession of the Property, Plaintiff asked the defendants whether any of them had any paper work, warrant or other document indicating that plaintiffs Reginald Payton or Payton Studios, Inc. had to vacate the Property.

28. Defendants Bell and Centeno said that defendant Mike Federow had shown their Sergeant a piece of paper indicating Plaintiffs have to vacate the Property. When queried, these two defendant police officers capitulated and said they didn't have the paper work, but plaintiffs had to leave the Property in any event.

29. In response to every attempt to get a precise explanation for their actions, defendants Bell and Centeno reiterated that their Sergeant said we have to put you out.

30. Plaintiff, Reginald Payton, told defendants Bell and Centeno that what they were doing was illegal and whatever paper work they were relying upon was not valid. Nonetheless, these defendants insisted that Plaintiff leave the Property immediately.

31. As matters progressed, defendant Bell and Centeno did not allow Reginald Payton to take any of his possessions or trade fixtures; they only allowed him to take the clothes on his back.

32. In a show of force, these two defendants physically removed Reginald Payton from the of the second floor level to the first floor with one officer in front of Reginald Payton and one officer in back of him.

33. Despite Reginald Payton protesting leaving Mike Federow on the Property, officers Bell and Centeno allowed it and told Reginald Payton that Mike Federow was going to secure the Property.

34. Defendants Bell and Centeno physically blocked Reginald Payton from re-gaining entry to the Property to secure his safe, photography and video equipment, personal effects and trade fixture, all of which was in clear view and open while Mike Federow and an unknown employee of said defendant remained on the Property with the approval of Bell and Centeno.

35. For approximately one-half hour officers Bell and Centeno made Plaintiff wait outside in the cold winter weather while Mike Federow installed a wrought iron gate and bar on the outside door, which was the front entry to the Property.

36. Without receiving any legal basis for the defendants' actions, Reginald Payton while outside and denied the use of his office phone on the Property, used his cell phone to contact his attorney. Despite requests, Bell and Centeno refused to talk to Plaintiff's attorney about their actions.

37. While on the street, Reginald Payton requested the name and badge numbers of the police officers, and they immediately called Sergeant Jozelowicz, who came to the Property.

38. Plaintiff requested the legal basis for the police action of evicting him and Sergeant Jozelowicz said, "You should have been out already." This Defendant referred to a court order that he retrieved from Mike Federow and did not give Reginald Payton an opportunity to examine it or give him a copy for later reference. Reginald Payton indicated to all present that whatever the document purported to be it was probably fake or forged based on his past practice and history with Mike Federow concerning the lease and negotiations to purchase the Property.

6

39. Reginald Payton repeated to Defendant Sergeant Jozelowicz that he needed access to secure his possessions and property and was denied access. Meanwhile, Defendants had full access to the Property and Plaintiffs' possessions. Reginald Payton unwillingly left the Property with the defendant Police Officers, Bell and Centeno and Mike Federow in charge.

40. During all material times mentioned in this complaint, Plaintiffs received no arrest warrant, search warrant, or order from the Defendants mandating an invasion of his privacy, arrest or eviction from his property.

41. Plaintiff Reginald Payton made two subsequent futile attempts on January 3rd and January 4th to get the police to give him re-entry to his Property and he was told by the yet unknown 13th District Commander that the police would not assist Plaintiff in getting back into the Property since his officers had put Plaintiff out of the Property, regardless of what a judge or plaintiff thought the police should do.

## COUNT I

### (Illegal Search Sec. 1983)

42. Plaintiffs reallege paragraphs 1-41 above in *haec verba.*

43. The named and yet unknown government defendants[excepting Mike Federow, Margaret Mahon and MMM Fulton Trust] knew or should have known that no search warrant was issued with respect to the Plaintiffs; further Defendants had no probable cause or good-faith truthful information, or adequate observation to justify a warrantless search. The forced invasion onto the Property was a search. Defendants Mike Federow, Margaret Mahon and MMM Fulton Trust acted in concert with the foregoing named and yet unknown government defendants. The police officers armed invasion into Plaintiff's residence and place of business without probable cause or a warrant valid on its face, and without Plaintiffs' consent, and their subsequent search and seizure of the Plaintiffs' personal property and trade fixtures violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches, and are thus actionable under 42 U.S. C. 1983.

44. The acts of extreme threatening physical and verbal behavior and insult by Defendants were the direct and proximate cause of the extreme suffering, pain, mental anguish, stark terror, emotional trauma, anguish humiliation, fear and constitutional injuries Plaintiffs suffer and continue to suffer.

7

45. These acts of excessive force and brutality were in violation of Plaintiffs' Fifth and Fourteenth Amendment rights to be free from summary punishment and deprivation of liberty without due process of law, Fourth and Fourteenth Amendment rights to be free from unreasonable seizures, and Fourteenth Amendment right to substantive due process, and Fourteenth Amendment right to equal protection of the law, and are thus actionable under 42 U.S.C. 1983. The City of Chicago is liable hereunder for the acts of its employees.

The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs, constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

## COUNT II

### (False Arrest, False Imprisonment)

46. Plaintiffs reallege paragraphs 1-41 above in *haec verba.*

47. While defendants had no arrest warrant they acted with authority as such Reginald Payton was intimidated, restrained and detained from leaving and returning to the Property.

48. During relevant times mentioned in this complaint, defendants did collectively retrain and prevent Reginald Payton from recovering his personal property, furnishings and trade fixtures and such plaintiff reasonably believed that he could not depart without the recovery of his property.

49. Defendants' actions in escorting plaintiff from his property, detaining his possessions and retaining his property by refusing him an opportunity to remove it, all of

8

which against his will, violated his Fourth Amendment right to be free from unreasonable seizures, and the Fourteenth Amendment right to due process, and are actionable under 42 U.S.C. 1983.

The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

## COUNT III

### (Excessive Force)

50. Plaintiffs reallege paragraphs 1-41 and 44-45 above in *haec verba.*

51. On information and belief, the defendant's Bell and Centeno entered the Property without peaceful entry as the burglar alarm sounded.

52. The foregoing defendants concealed their presence and identity when asked by plaintiff Reginald Payton and they appeared in the business section of the photography studio without first knocking and announcing their presence and official capacity as Chicago Police officers.

53. The presence of the defendant police officers and their insulting and provoking conduct exemplified by repeating "you've got to go", "we are following orders" and "we are here to put you out" was to intimidate, humiliate, oppress and exercise domination over plaintiff while under defendant's Bell and Centeno control and authority.

54. Further said conduct was unreasonable and unnecessary and done to settle a private, contractual dispute by intimidation of Reginald Payton to communicate that he was helpless and totally dependant upon said defendant's will.

9

55. Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to plaintiffs rights and done for the sole purpose of depriving the plaintiffs of their constitutional rights.

56. Defendants conduct deprived the plaintiffs of due process and equal protection of the law as secured by the Fourteenth Amendment.

57. Reginald Payton did not vacate the Property willingly because of the apparent authority of the defendant Chicago Police officers.

58. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

59. None of defendant Chicago Police officers known and presently unknown, interceded or prevented the wrongs inflicted upon the plaintiffs.

60. As a direct and proximate consequence of the conduct alleged herein, the plaintiffs suffered and continue to suffer extreme pain and mental anguish, emotional trauma, anguish, humiliation, fear and constitutional injuries as alleged above.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT IV

(Forcible Eviction/ Breach of Quiet Enjoyment)

61. Plaintiffs reallege paragraphs 1-41 above in *haec verba.*

62. The Illinois Forcible Eviction and Detainer Statute provides the exclusive judicial remedy for eviction. 735 ILCS 5/9-101, *et seq.* Self-help is not authorized under Illinois law.

10

63. At the material times mentioned in the complaint, plaintiffs were in lawful possession of the property and were entitled to quiet enjoyment thereof.

64. Defendants provided no prior notice, nor eviction court order or writ of eviction as required by Illinois law for a forcible eviction of plaintiffs.

65. As a direct proximate consequence of defendants' actions, plaintiffs suffered damages, personal property damage, injury to business reputation, loss profits, and humiliation.

66. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT V

(Conversion)

67. Plaintiffs reallege paragraphs 1-41 above in *haec verba*.

68. Plaintiffs made capital improvements to the Property and used same as a photographic studio also to receive business invitees.

69. The property was furnished and equipped at plaintiffs' own cost with stove, dishwasher, refrigerator, air-conditioners, track lighting and related items.

70. Over the years, Reginald Payton acquired various photographs, films, negatives, prints, and photographic and video equipment for business use. These items were stored at the Property during all relevant times mentioned in the Complaint.

71. Plaintiff was not permitted to recover these items, nor secure them from loss because of defendants' intentional acts ending in barring plaintiff from entry to the premises since January 2, 2005.

72. As a direct result of defendants' intentional acts, plaintiffs suffered loss, theft, lost profits, damages, destruction, diminished value, loss of use of his business and personal property.

73. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

### COUNT VI

### (Conspiracy Sec. 1985)

74. Plaintiffs reallege paragraphs 1-41 and 44-45 above in *haec verba.*

75. Defendant Mike Federow initiated an unfounded complaint against plaintiff to enlist police action to evict plaintiffs from the Property.

76. Defendant Chicago Police officers, known and yet unknown, acted in concert with defendants Mike Federow, Margaret Mahon and MMM Fulton Trust to deprive plaintiff of equal protection under the law and to deprive plaintiff of his property without due process as secured by the Fourteenth Amendment, and are actionable under 42 U.S.C. 1985.

77. There was no need for the exercise of police power to settle a private, contractual dispute between defendants Mike Federow, Margaret Mahon, MMM Fulton Trust and plaintiffs.

12

78. Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to plaintiffs' rights and done for the sole purpose of depriving the plaintiffs of their constitutional rights.

79. As a direct consequence and proximate cause of defendants conduct, plaintiff suffered damages.

80. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

## COUNT VII

### (Trespass)

81. Plaintiffs reallege paragraphs 1-41and 44-45 above in *haec verba.*

82. Plaintiffs occupied the Property at 2709 W. Fulton, Chicago, Illinois for more than three years pursuant to a lease agreement with Defendant Mike Federow, acting as managing agent for Margaret Mahon and MMM Fulton Trust.

83. Defendants and yet unknown defendants, and each of them did or caused the trespass upon Plaintiffs Property absent valid warrant, probable cause, invitation or consent. Said defendants knew, should have known that no legal basis existed for intrusion onto Plaintiffs' Property.

84. Said conduct and non-consensual break-in and invasion of plaintiffs' Property constitutes a trespass under Illinois law.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

13

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

## COUNT VIII

### (Intentional Inflection of Emotional Distress)

85. Plaintiffs reallege paragraphs 1-41 and 44-45 above in *haec verba*.

86. The acts and conduct of defendants and the as yet unknown defendants were willful, wonton, malicious and aggravated in that defendants intended to threaten, harass and intimidate plaintiffs. Said action and conduct constitutes intentional inflection of emotional distress and did directly and proximately caused the injuries, pain and suffering to plaintiffs as alleged above.

WHEREFORE, Plaintiffs pray this Court award each of them the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

Respectfully submitted,

By:_____

Simon Love
Attorney for Plaintiffs
10218 South Wood Street
Chicago, IL 60643
312.882.0882
Atty. No.: 22114

14

State of Illinois

County of Cook

## Verification

**Reginald Payton,** being first duly sworn on oath, deposes and says that he is the President of Payton Studios, Inc. authorized to execute this instrument as President and individually, and he has read the foregoing First Amended Complaint at Law and that he has knowledge of the contents thereof and that the same are true to the best of his information and belief.


_____
Reginald Payton

Subscribed and Sworn to
before me this _____ day of
June 2007.


_____
Notary Public

15