## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Reginald Payton and Payton Studios, Inc.,  )
an Illinois corporation,                    )
                    Plaintiff,              )
                                            )
v.                                          )     No.07 CV 3736
                                            )
CITY OF CHICAGO, a municipal                )
Corporation, et al.,                        )
                    Defendants.             )

**F I L E D**

NOV 0 1 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:     Simon Love, Esq.
        10218 South Wood Street
        Chicago, IL 60643

**PLEASE TAKE NOTICE** that I have filed this day with the Clerk of the above Court the **CITY OF CHICAGO'S and POLICE OFFICER BELL AND SERGEANT JOZEOWICA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**, a copy of which is attached hereto and herewith served upon you.

**DATED** at Chicago, Illinois this **1ˢᵗ day of November, 2007.**

                                Respectfully submitted,
                                MARA S. GEORGES
                                Corporation Counsel
                                City of Chicago


30 N. LaSalle Street            By: _____
Suite 1040                          John B. Viverito
Chicago, Illinois 60602             Assistant Corporation Counsel
(312) 744-0677
Atty. No. 6271501

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **CITY OF CHICAGO'S and POLICE OFFICER BELL AND SERGEANT JOZEOWICA'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** to be mailed to the person named in the foregoing Notice at the address therein shown, on this **1ˢᵗ day of November, 2007.**

John B. Viverito
Assistant Corporation Counsel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**F I L E D**

NOV 0 1 2007 PH
01
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | | |
|---|---|---|
| Reginald Payton and Payton Studios, Inc., an Illinois corporation, Plaintiff, | ) ) ) ) | |
| v. | ) | No.07 CV 3736 |
| | ) | |
| CITY OF CHICAGO, a municipal Corporation, et al., Defendants. | ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS**

Defendants City of Chicago ("the City"), by their attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Officers Bell and Sergeant Jozefowicas, respectfully move to dismiss Plaintiff's First Amended Complaint at Law, pursuant to Fed. R. Civ. P. 12(b)(6). In support of their motion, the Defendants Reply as follows:

**INTRODUCTION**

Plaintiff's Response fails to identify how his original Complaint was timely filed where the statute of limitations for actions against municipalities and their agents in one year. Further, Plaintiff concedes in his Response that the City of Chicago was never named as a Defendant and that the named Police Officers were not acting within the course and scope of their employment as agents of the City of Chicago. Therefore, Plaintiff's First Amended Complaint would not relate back to the original Complaint because the original Complaint was not timely filed.

**ARGUMENT**

**I.  THE APPLICABLE STATUTE OF LIMITATIONS FOR ACTION AGAINST A MUNICIPALITY AND ITS AGENTS IS ONE YEAR.**

The Illinois' Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides as follows:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purpose of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State."

745 ILCS 10/8-101.

Plaintiff concedes in his Response that his original Complaint never anticipated suing the City of Chicago or its agents as Defendants. (See Plaintiff's Response Page 4) The first time the City of Chicago was named as a Defendant was June 11, 2007 when Plaintiff field his First Amended Complaint. (See Exhibit B of Defendant's Motion to Dismiss).  Plaintiff alleged he was wrongfully evicted on January 2, 2005.  According to Section 8-101 of the Tort Immunity Act, Plaintiff cannot add the City of Chicago or any of its agents as Defendants a year and a half after the running of the applicable statute of limitation.  Clearly from the face of Plaintiff's original Complaint and coupled with his concession as stated in his Response, the Plaintiff has not timely filed his original Complaint against the City of Chicago or any of its agents.  As previously stated in the City's motion to dismiss, "An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *51 Am.Jur.2d Limitations of Actions § 263 (2000);* citing *Henderson v. Bolanda,* 253 F.3d 928, 931 (7th Cir. 2001).

It should also be noted that as a *pro se* Plaintiff, Plaintiff cannot file a lawsuit on behave

2

of his corporation, Payton Studios, Inc. "Under Illinois law, a corporation can file a complaint only through a licensed attorney; any action filed without an attorney is null and void *ab initio*. *Housing Authority v. Tonsul*, 115 Ill. App. 3d 739, 450 N.E. 2d 1248 (1983). Further, Plaintiff's original Complaint named the Chicago Police Department as a Defendant which is not a sueable entity.

Plaintiff argues in his Response that *735 ILCS 5/13-202* is the applicable statute of limitation that should be applied in this case. It's Plaintiff's position, that his original Complaint was filed against the police officers acting in their individual capacity and not as agents of the City of Chicago. (See Plaintiff's response Page 4) A similar argument was attempted in *Griffen v. Willoughby*, where plaintiff argued that both Section *745 ILCS 10/8-101* and *735 ILCS 5/13-202* could potentially be applicable. *Griffen v. Willoughby*, 369 Ill.App 3d 405, 867 N.E. 2d 1007 (2006). In *Griffin*, plaintiff delayed filing a complaint for negligence based on statements made by the insurance company that represented a school district. *Id.* at 407. In the court's analysis of the competing statute of limitation periods, the court found, "the legislature intended that section 8-101 of the [Tort Immunity] Act apply 'broadly to any possible claim against a local public entity and its employees.'" *Id.* at 413, citing: *Paszkowski v. Metropolitan Water reclamation District of Greater Chicago*, 213 Ill.2d 1,12-13, 820 N.E.2d 401, 408 (2004). The court concluded that, "the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitation or repose." *Id.* at 414, 415. "Thus, in order for a plaintiff to recover against a county employee acting within the scope of his employment, the plaintiff must file suit within one year, even if he is seeking to recover against the county employee only in his individual capacity." *Id.* at 410, citing: *Sperandeo v. Zavitz*, 365 Ill.App.3d

3

691, 694, 850 N.E.2d 394, 397 (2006).

Similar to *Griffin,* the Plaintiff in the case at bar had to file against the City of Chicago and its agents, in their official or individual capacity, within the one year statute of limitations period. Plaintiff's original Complaint was not timely filed and, therefore, his First Amended Complaint does not relate back to the original filing.

In addition, as previously noted in Defendant's motion to dismiss, Plaintiff filed his original Complaint and First Amended Complaint in State court. By making the argument that section *735 ILCS 5/13-202* applies, Plaintiff has also acquiesced that State law applies. The face of Plaintiff's original Complaint is based on a wrongful eviction which is a State law claim.

Hence, where the Plaintiff pleads facts which establish a statute of limitations defense, the court may conclude that the Plaintiff has pled himself out of court and, accordingly, dismiss his claims.

Plaintiff argues that if the court were to grant Defendants' motion to dismiss that he would be left with no remedy at law. Although, Plaintiff may have plead himself out of a remedy against the City of Chicago and its agents, he still has claims against other individuals and companies that remain unserved in this action. Plaintiff remedy in this case lies against the other co-defendants and not the City of Chicago or its agents based on the one-year statute of limitation that applies to governmental entities.

**CONCLUSION**

This Court should grant Defendants' motion to dismiss the Plaintiff's First Amended Complaint because plaintiff failed to commence this litigation within the appropriate statute of limitations.

4

WHEREFORE, the Defendants respectfully request that this Court enter an order dismissing the Plaintiff's First Amended Complaint against it and it's officers named or unnamed pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, and any other relief this Court deems just.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel for
the City of Chicago

BY:

John B. Viverito
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1040
Chicago, Illinois 60602
(312) 744-0677
Atty. No.6271501

5