**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD PAYTON, individually; and PAYTON STUDIOS, INC., an Illinois Corporation, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-3736 |
| | ) | |
| CITY OF CHICAGO; PHILIP J. CLINE, Chicago Police Superintendent, individually and in his official capacity; Chicago Police Officer Sergeant JOZEFOWICZ, Badge No. 1666; Chicago Police Officer CENTENO, Badge No. 15252; Chicago Police Officer BELL, Badge No. 13943; Chicago Police Officer JOHN DOE; MICHAEL FEDEROW; MARGARET MAHON; and MMM FULTON TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Defendants, the City of Chicago ("the City") and individual members of the Chicago

Police Department, Sgt. Jozefowicz and Officer Bell, removed this case from the Circuit Court

of Cook County after plaintiffs, Reginald Payton ("Payton") and Payton Studios, Inc., filed a

First Amended Complaint ("the amended complaint") naming additional parties as defendants

and alleging violation of civil rights protected by 42 U.S.C. §§ 1983 and 1985. The City, Sgt.

Josefowicz and Officer Bell have moved to dismiss.[1]  For the following reasons, defendants'

motion to dismiss the amended complaint against the individual officers will be granted as to the

---

[1]The amended complaint names Officer Centeno but he is not a party to the motion. Because this is a removed case the record of service is not on this court's docket. The court will assume for the purpose of the motion that Officer Centeno has not been served.

state law claims and denied as to the federal civil rights claims. All claims against the City and the Superintendent of Police will be dismissed without prejudice.[2]

## BACKGROUND

The original complaint in this case was filed December 29, 2006 by Payton, *pro se* and ostensibly on behalf of both himself and his company, Payton Studios, Inc.,[3] against the Chicago Police Department and three officers. The one-page single-spaced complaint recites that on January 2, 2005 Officer Bell, Officer Centeno and Sergeant Jozefowicz "illegally entered" Payton's place of business and "forcibly removed" Payton "without cause." Payton also alleges that he was "illegally evicted" and that the property owners from whom Payton leased the premises, Michael Federow and Margaret Mahon ("the property owners"), conspired with the police officers in the eviction of Payton by moving his equipment and business materials from the second and third floors to the first floor of the property. When Payton returned, he conducted an inventory and found over $150,000 in theft and damages and the loss of over 800 original images valued at $1,500 each. The original complaint does not specify any particular law under which plaintiff makes his claims and seeks damages in an unstated amount.

---

[2]Although the City and the Superintendent do not rely for their motion on the doctrine of *Monell* v. *Dept. of Social Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), these parties must be dismissed on that alternative ground for the reasons stated below.

[3]The City correctly points out that Payton Studios, Inc. may not appear in court without counsel. *See Berg* v. *Mid-Am. Indus., Inc.*, 688 N.E.2d 699, 701, 293 Ill. App. 3d 731, 732-33, 228 Ill. Dec. 1 (Ill. App. Ct. 1st Dist. 1997) ("Under Illinois law, a corporation can file a complaint only through a licensed attorney; any action filed without an attorney is null and void *ab initio*."). As such, Payton Studios' claims must be deemed filed on June 11, 2007, the date the amended complaint was filed by counsel. Allegations in the original complaint asserting rights on behalf of Payton Studios will be disregarded for the purpose of disposition of this motion.

Payton and Payton Studios, Inc. later obtained counsel, who filed the first amended complaint on June 11, 2007. The amended complaint substituted the City as a defendant instead of the Chicago Police Department and also added as defendants Philip J. Cline, Chicago Police Superintendent (who has since been succeeded by Superintendent Jody Weis); John Doe, a yet unknown employee of the Chicago Police Department; and the property owners. The plaintiffs allege that the defendant officers entered plaintiffs' leased premises without a warrant, unlawfully seized their property, falsely arrested Payton, used excessive force, and deprived plaintiffs of due process and equal protection of the laws. Against the property owners they allege conspiracy to violate civil rights under 42 U.S.C. § 1985. In addition, plaintiffs assert Illinois common law claims of forcible eviction contrary to Illinois's Forcible Entry and Detainer Act, 735 Ill. Comp. Stat. 5/9-101 *et seq*., conversion, trespass, and intentional infliction of emotional distress. The defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure based on the running of the statute of limitations.

## DISCUSSION

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the court must take all facts alleged in the complaint to be true and make all reasonable inferences in favor of the plaintiff. *McMillan* v. *Collection Prof'ls Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) (citing *Dawson* v. *Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992)). Under *Bell Atlantic Corp.* v. *Twombly*, — U.S. —, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), a complaint must include enough facts to state a claim for relief that is plausible on its face. *Id.* at 1974. In the context of a *pro se* complaint, however, the Supreme Court adheres to the view that a *pro se* complaint must be held to less stringent standards than pleadings drafted by lawyers.

*Erickson* v. *Pardus*, — U.S. —, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Although affirmative defenses are not usually resolved with a motion to dismiss, if the plaintiff's complaint contains facts that demonstrate that the suit is barred by the statute of limitations it may be dismissed pursuant to Rule 12(b)(6). *Zitzka* v. *Vill. of Westmont*, No. 07 C 0949, 2007 WL 3334336, at *2 (N.D. Ill. Nov. 6, 2007) (citing *Hollander* v. *Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006)).

The City argues that the original complaint, filed December 29, 2006, more than one year after the January 2, 2005 events, contained only state law claims that were barred by the one-year statute of limitations mandated by Illinois's Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101(a) ("the Tort Immunity Act"). *See Zitzka*, 2007 WL 3334336, at *8 (citing *Delgadillo* v. *Paulnitsky*, No. 05 C 3448, 2007 WL 1655252, at *5 (N.D. Ill. June 1, 2007) (noting that the Tort Immunity Act imposes a one-year limitations period for claims against local public entities and their employees in civil actions even when employees are sued in their individual capacities)). Further, the City argues, the Section 1983 claims, filed June 11, 2007, are time-barred by the two-year statute of limitations for such claims, *see* 735 Ill. Comp. Stat. 5/13-202; *Wallace* v. *Kato*, — U.S. —, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007); *Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005), and the Section 1983 claims do not relate back to the filing of the original complaint because that complaint was itself not timely filed. Therefore, the City argues, the amended complaint must be dismissed under the authority of *Henderson* v. *Bolanda*, 253 F.3d 928 (7th Cir. 2001).

Plaintiff implicitly concedes that their state law claims are barred by the Tort Immunity Act. They also concede that the statute of limitations for federal civil rights claims in Illinois is two years. Plaintiff argues (minimally) that the original complaint sufficiently pled civil rights

4

claims, or if not, the amended complaint relates back to the filing date of the original complaint under Federal Rule of Procedure 15(c)(2) ("the claim . . . asserted in the amended pleading arose out of the conduct . . . or occurrence set forth or attempted to be set forth in the original pleading"). *See Henderson*, 253 F.3d at 931 ("Generally, an amended complaint in which the plaintiff merely adds legal conclusions or changes the theory of recovery will relate back to the filing of the original complaint if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." (internal citations and quotation marks omitted)).

A federal claim arises when a plaintiff's complaint raises issues under federal law. *Henderson*, 253 F.3d at 932 n.3 (citing *Rice* v. *Panchal*, 65 F.3d 637, 639 (7th Cir. 1995)). Despite plaintiff's failure to develop his argument with case authority, it is plain enough that the original *pro se* complaint can be fairly read to raise federal claims. Section 1983 pleadings require two elements: (1) the plaintiff was deprived of a federal right, and (2) the person who deprived him was acting under color of state or territorial law. *Gomez* v. *Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Payton's original complaint alleged that the Chicago Police Department and identified officers of the Chicago Police Department entered his premises without a court order and without cause and forcibly removed him and his property, causing him damages. Police entry into one's private premises without a warrant or cause constitutes a violation of the Fourth Amendment's prohibition against unreasonable search and seizure and, as a matter of law, the officers were acting under color of state law. *See Monroe* v. *Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) (allegedly warrantless entry by city police officers into private home constituted actions "under color of" law and stated a claim for

5

unlawful search and seizure under Section 1983), *overruled on other grounds by Monell* v. *Dept. of Social Servs. of the City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

These facts, however, are similar to those in *Henderson*, on which the City relies. There the court held that because a state court complaint asserting state law claims of excessive force, negligence, false arrest and malicious prosecution against three police officers and vicarious liability against the Village of Dixmoor was time-barred, an amended complaint substituting claims under Section 1983 did not relate back to the filing date of the original complaint. *Henderson*, 253 F.3d at 932. The court rejected the argument that the federal claims were timely because the facts alleged in the original complaint would have supported the federal constitutional claims. *Id.* at 932 n.3.

The district court's opinion in that case reveals that the district court ruled, based on examination of the original complaint, that it was "clear that plaintiffs chose to bring state tort claims against the defendants in their original complaint." *Henderson* v. *Vill. of Dixmoor*, 99 F. Supp. 2d 940, 945 (N.D. Ill. 2000). The court pointed to several factors bearing on its decision: (1) plaintiffs' complaint used the tort "buzz words" (duty, breach, injury, and intentional and negligent conduct which caused the injury); (2) the amended complaint came only after the Village moved to dismiss the original complaint as untimely; (3) the complaint was filed in state, not federal, court; and (4) under Illinois's fact-pleading standard, a complaint had to be both factually and *legally* sufficient. *Henderson*, 99 F. Supp. 2d at 944-45 (citing *Sider* v. *Outboard Marine Corp.*, 513 N.E.2d 449, 454, 160 Ill. App. 3d 290, 112 Ill. Dec. 35 (Ill. App. Ct. 2nd Dist. 1987) (holding that if a complaint fails to set forth a legally cognizable claim, such failure mandates dismissal of the complaint)). The court also emphasized the Illinois courts' well-pleaded complaint rule. *See id.* at 944 (citing *People ex rel. Ryan* v. *Northbrook Sports Club*,

6

No. 99 C 4038, 1999 WL 1102740 (N.D. Ill. Nov. 24, 1999) ("Under the well-pleaded complaint rule, the court allows plaintiff to be master of the complaint, giving deference to the specific claims which plaintiff has brought and accepting that plaintiff has purposefully avoided those otherwise-actionable claims not alleged.")).  Thus, the district court reasonably held plaintiffs, through their counsel, to their decision to proceed under state law only.

At the same time, Illinois courts, like federal courts, construe *pro se* pleadings more liberally than those drafted by lawyers.  *E.g.*, *People ex rel. Willis* v. *Dept. of Corrections*, 282 N.E.2d 716, 719, 51 Ill. 2d 382, 387 (1972) ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks omitted); *Tedder* v. *Fairman,* 418 N.E.2d 91, 97, 93 Ill. App. 3d 948, 956, 49 Ill. Dec. 447, 453 (Ill. App. Ct. 4th Dist. 1981) ("In reviewing the dismissal of a prisoner's *pro se* complaint for failure to state a cause of action, the inmate's 'inartfully pleaded' allegations should be viewed under 'less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines* v. *Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); *Estelle* v. *Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)), *rev'd and remanded on other grounds*, 92 Ill. 2d. 216 (1982).

The courts will not "fill in all the blanks in a *pro se* complaint," *Turner-El* v. *West*, 811 N.E.2d 728, 733, 349 Ill. App. 3d 475, 479, 285 Ill. Dec. 241, 246 (Ill. App. Ct. 5th Dist. 2004), and the cases seem to hold to the view that mere "conclusions in a complaint, *unsupported by facts*, will not be accepted by the court as true."  *Id.* (citing *Jenkins* v. *Leininger,* 659 N.E.2d 1366, 1369, 277 Ill. App. 3d 313, 317, 213 Ill. Dec. 719 (Ill. App. Ct. 1995)) (emphasis added);

*Beahringer* v. *Page,* 789 N.E.2d 1216, 1226, 204 Ill. 2d 363, 378, 273 Ill. Dec. 784, 794 (2003) ("[M]ere conclusions of fact or law unsupported by specific factual allegations are insufficient to state a cause of action.") (citations omitted). The corollary to that principle, however, is that where the facts are alleged but the *pro se* plaintiff is unschooled in what to label the claim, the complaint should not be dismissed. *See Small* v. *Chao*, 398 F.3d 894 (7th Cir. 2005) ("The law does not require [the plaintiff] to plead any legal theories, and particularly since he filed his complaint *pro se*, he should not be held to the one incorrect theory he did name. Instead, we should ask whether any set of facts consistent with the complaint would give him a right to recover, no matter what the legal theory." (internal citations omitted)).

In this case, Payton alleged specific facts in his original complaint that would readily survive a motion to dismiss at least his unlawful search and seizure claims. Such federal claims are within the jurisdiction of the Illinois courts. *E.g.*, *Fellhauer* v. *City of Geneva*, 568 N.E.2d 870, 879, 142 Ill. 2d 495, 514, 154 Ill. Dec. 649, 658 (1991); *Ill. Traffic Court Driver Improvement Educ. Found.* v. *Peoria Journal Star, Inc.*, 494 N.E.2d 939, 942, 144 Ill. App.3d 555, 560, 98 Ill. Dec. 817, 820 (Ill. App. Ct. 3rd Dist. 1986). Unlike *Henderson*, Payton did not label his claims, either under state or federal law. Because his is a *pro se* complaint that sets out facts which, if taken as true, would support Fourth Amendment claims, and because it must be liberally construed, this case is distinguishable from *Henderson*.[4] It follows that the original complaint sets forth a claim under Section 1983 which was timely filed.

As set out above, where an amended complaint merely adds legal conclusions or changes the theory of recovery, the amended complaint will relate back to the filing of the original

---

[4]The instant case is also unlike *Henderson* in that (1) plaintiff did not use the tort "buzz" words (duty, breach, injury, and intentional and negligent conduct which caused the injury); and (2) the amended complaint was filed before the motion to dismiss was filed.

complaint if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading. Because the defendant officers were actors in the alleged events and there is no suggestion that they lacked notice of the scope of the claim in the original complaint (nor would that be likely in this fact scenario), application of the relation back doctrine is warranted. *See Santamarina* v. *Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006) (noting that the principal issue under the relation back doctrine is whether the defendant received adequate notice of the scope of the claim in the original complaint so as not to be surprised by intensified allegations in the amended complaint).

Whether the same result should apply to the added defendants, including the City and Superintendent Cline, entails a somewhat different analysis, under Rule 15(c)(3). That question aside, it is obvious that the facts alleged even in the amended complaint do not support a *Monell* claim against the City. *See Monell* v. *Dept. of Social Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (holding that local governments are not liable under a theory of *respondeat superior* but rather only when the constitutional deprivation arises from a governmental custom or policy). Similarly, there are no facts suggesting that Superintendent Cline participated in the events at issue. As such, he must be treated as having been sued in his official capacity, in which case he, like the City, also must be dismissed. *See id.* at 691 (holding that local government officials sued in their official capacities are "persons" under Section 1983 in those cases in which a local government would be suable in its own name). The dismissal of these two parties should be without prejudice in case discovery reveals facts supporting either a *Monell* claim against the City or an individual claim against the new Superintendent. As that event is most unlikely, any issues regarding relation back need not be addressed here.

## CONCLUSION AND ORDER

For the reasons stated above, the court grants the motion of Defendants City of Chicago, Philip J. Cline, Sgt. Jozefowicz and Officer Bell to dismiss the state law claims, namely Counts IV (wrongful eviction), V (conversion), VII (trespass), and VIII (intentional inflection of emotional distress) with prejudice. It also grants their motion to dismiss all claims against the City of Chicago and the Chicago Police Superintendent without prejudice. It denies the motion to dismiss Counts I (unlawful search), II (unlawful seizure), III (excessive force) and VI (conspiracy). Defendants are directed to answer the complaint by May 23, 2008. This case will be called for a scheduling conference on June 10, 2008.

Dated: May 5, 2008                                      Enter: _____

                                                        Joan Humphrey Lefkow
                                                        United States District Judge

10