IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD PAYTON AND PAYTON STUDIOS, INC., an Illinois corporation, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 07 C 3736 JURY DEMAND |
| CITY OF CHICAGO; PHILIP J. CLINE, Chicago Police Superintendent, individually and in his official capacity; JOHN DOE, yet unknown employee of the Chicago Police Department, Chicago Police Officers Sergeant JOZEFOWICZ, No. 1666, Officer CENTENO No. 15252, and Officer BELL, No. 13943; MICHAEL FEDEROW; MARGARET MAHON; and MMM FULTON TRUST, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS JOZEFOWICZ AND BELL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW

Defendants, Sgt. Jozefowicz, #1666, and Officer Bell, #13943 (referred to herein as "defendants") by and through their attorney, J. Ernest Mincy, hereby answer Plaintiffs' First Amended Complaint at law as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1981, 1983 et seq.; the Constitution of the United States and the Fourth, Fifth, Ninth and Fourteenth Amendments thereof. The amount in controversy exceeds $50,000, exclusive of costs and interest against each Defendant.

ANSWER:

Defendants admits the allegations of this paragraph as they relate to jurisdiction, and deny that plaintiff's claims are meritorious.

### INTRODUCTION

2.      On Sunday, January 2, 2005, to start the New Year, a contingent of heavily armored, uniformed Chicago Police officers, without consent or a search warrant appeared at Plaintiff's place of business with Michael Federow, in a misdirected, unlawful attempt to evict Plaintiff prior to suit for forcible eviction and detainer as required under Illinois law.   Plaintiff was a tenant then month-to-month after a long-term lease had ended with Defendant Federow. Defendant Federow falsely stated that contraband existed on the premises, yet none was recovered or even searched for. At the time and place, Plaintiff was denied entry into his business premises under the pretext of an "investigation".   Defendant police officers, Sergeant Jozefowicz, Centeno and Bell threatened and intimidated Plaintiff for the duration of their investigation at Plaintiff's business. Plaintiff was not free to leave the presence of the said defendant police officers, who assisted defendant Michael Federow in securing the loft apartment to the exclusion of Plaintiff and his business invitees. Defendant police officers neither secured an arrest warrant for Plaintiff, nor filed a report of their action based on defendant Michael Federow's complaint. Said defendant police officers proffered a document purporting to be and eviction order, and did not leave a copy with Plaintiff.   After the investigation, Plaintiff was told he could not re-enter his business premises and he left the Property at the direction of the defendant police officers. Plaintiff had to secure a court order to regain entry to his business premises. With the court order in hand and escorted by police officers not named defendants in this suit, plaintiff Reginald Payton secured possession on January 25, 2005.   At that time, he discovered  that almost all of his photography equipment, video equipment, major appliances and business records were stolen and the Property was vandalized or ransacked. Plaintiff also lost irreplaceable photographic images (approximately 800) that were shot over his 25 year career as a commercial photographer. This is an action for money damages brought against the above named defendants for violation of plaintiffs' Federal, and State constitutional and statutory rights attendant to wrongful eviction, conspiracy, conversion, trespass, false imprisonment and intentional inflection of emotional distress.   No arrest or any criminal charges were made against the Plaintiffs by Defendants.

ANSWER:

Defendants lack knowledge concerning the allegations of this paragraph concerning plaintiff's relationship with defendant Federow, except that the defendants admit that they appeared at plaintiff's place of business on about June 2, 2005 and were provided with an apparently valid eviction order by defendant Federow. City denies the remaining allegations of this paragraph.

## PARTIES

### Plaintiffs

3.      Reginald Payton is a 52 year old citizen of the United State and resident of Chicago, Illinois, who at all times mentioned, was the principal owner and operator of Payton Studios Inc., the commercial photography business at 2709 W. Fulton Street, Chicago, IL 60612.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this

paragraph.

4.    Payton Studios, Inc., an Illinois corporation which had a principal office and place of business at 2709 W. Fulton Street, Chicago, Illinois 60612 at the time of the matters alleged herein.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

## Defendants

5.    Defendant City of Chicago is an Illinois municipal corporation, and is the employer of Chicago Superintendent of Police Philip J. Cline; John Doe a yet unknown Commander of the 13th District of the Chicago Police Department; and Chicago Police officers: Sergeant Jozefowicz, Badge No. 1666, Officer Centeno Badge No. 15252, and Officer Bell, Badge No. 13943. The Defendant City of Chicago is liable for constitutional deprivations visited upon plaintiffs pursuant to governmental custom, policy or practice.

ANSWER:

City admits that it is a municipal corporation and is the employer of defendants Cline, Jozefowicz, Centeno and Bell. City denies the remaining allegations of this paragraph.

6.    Defendant Philip J. Cline was and is at all times mentioned in this complaint, the Chief of Police of the Chicago Police Department. As such his position is responsible for the policies, practices and customs of the department. He is sued individually and in his official capacity.

ANSWER:

Defendants admit that defendant Cline was the Superintendent of the Chicago Police department, and bears some responsibility for some of the policies of the department. Defendant Cline has been dismissed, pursuant to the Court's order of May 5, 2008.

7.    Defendant John Doe is a yet unknown employee of the Chicago Police Department in the management position as District Commander of the 13th District Police Station of the Chicago Police Department. As such his position is responsible for the policies, practices, customs and personnel of the 13th District police station. He is sued individually and in his official capacity.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

3

8. Defendants Sergeant Jozefowicz, Badge No. 1666; Officer Centeno, Badge No. 15252; and Officer Bell, Badge No. 13943 at all times mentioned in the complaint are Chicago Police officers and each are sued individually and in the official capacity.

ANSWER:

Defendants admit the allegations of this paragraph.

9. Defendants Michael Federow and Margaret Mahon are citizens of the United States and residents of the City of Chicago and beneficial owners of the MMM Fulton Trust.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

10. Defendant MMM Fulton Trust is an Illinois Trust and legal title holder of the property at 2709 W. Fulton, Chicago, Illinois 60612.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

11. All governmental defendants were, at all times material to this complaint, acting within the scope of their employment and under color of law.

ANSWER:

Defendants admit that they acted in the scope of their employment at all times relevant hereto and lack sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.

## FACTS

12. On or about March 1, 2001, Plaintiffs, as Tenant, and Defendant Mike Federow, as Landlord, entered into a valid commercial lease for a three year term beginning March 1, 2001 and ending on February 28, 2004, for the use and occupancy of the loft premises at 2709 W. Fulton, Chicago, Illinois 60612 (the "Property") as a commercial photography studio.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

4

13.    The Property was a three story loft, approximately 2,900 square feet, having an entrance on Fulton, three entrances on the rear, and one on the third floor patio. At Plaintiffs' cost and expense, the Plaintiffs made improvements on the Property and attached trade fixtures as the Property was not finished for Plaintiffs intended use.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

14.    Upon the expiration of the lease, Plaintiffs and Defendant Mike Federow were negotiating a new lease with an option to purchase the Property by the Plaintiffs, so the lease continued on a month-to-month basis on the same terms as the expired lease during the material time of the matters alleged in this complaint.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

15.    On Sunday January 2, 2005 around 6:00 p.m., Plaintiff Reginald Payton was present on the Property and he heard the burglar alarm warning him someone had forcibly entered the Property without authority or consent.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

16.    Plaintiff Reginald Payton on hearing the alarm went to the third floor level of the loft and returned to the second floor where heard voices and asked for the intruders to identify themselves. There was no response.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

17.    Said Plaintiff returned to the second floor level seeking cover and protection from the intruder as he was thinking a burglary or home invasion was imminent.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

18.     Without provocatio n, warning or identification, Defendants Centeno and Bell uniformed and armed with automatic weapons opened the entry door to the second floor level which gave them immediate access to the business office section of the studio whereupon Defendant Reginald Payton asked what's going on?

ANSWER:

Defendants deny the allegations of this paragraph.

19.     Defendants Centeno and Bell asked for Reginald Payton, who identified himself as that person and asked why.

ANSWER:

Defendants deny the allegations of this paragraph.

20.     Said defendants stated that Plaintiff Reginald Payton had to leave the premises immediately.

ANSWER:

Defendants deny the allegations of this paragraph.

21.     Plaintiff, not believing what he heard, asked for the basis on which he had to leave the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

22.     Defendant officers Bell and Centeno, stated "our Sergeant said you have got to get out now and we have to put you out".

ANSWER:

Defendants deny the allegations of this paragraph.

23.     Plaintiff Reginald Payton deemed this action incredulous and asked more questions as to the basis for this police action whereupon, he was told by the defendant officers that they did not know, but were following orders.

ANSWER:

Defendants deny the allegations of this paragraph.

24.     While Plaintiff Reginald Payton and the two defendant police officers were discussing the basis for ousting Plaintiff from the property, the intimidation by said officers increased because Plaintiff was not prepared to leave and questioned the legal basis for evicting him from the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

25.     Shortly afterwards defendant Mike Federow entered the second floor level of the Property where defendant Centeno and Bell were located.

ANSWER:

Defendants deny the allegations of this paragraph.

26.     At that time, Plaintiff asked the police officers what was the purpose of defendant Mike Federow being present and these defendants responded by saying defendant Federow was there to secure the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

27.     Facing the collective assault on plaintiffs right to possession of the Property, Plaintiff asked the defendants whether any of them had any paper work, warrant or other document indicating that plaintiffs Reginald Payton or Payton Studios, Inc. had to vacate the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

28.     Defendants Bell and Centeno said that defendant Mike Federow had shown their Sergeant a piece of paper indicating Plaintiffs have to vacate the Property. When queried, these two defendant police officers capitulated and said they didn't have the paper work, but plaintiffs had to leave the Property in any event.

ANSWER:

Defendants deny the allegations of this paragraph.

29.     In response to every attempt to get a precise explanation for their actions, defendants Bell and Centeno reiterated that their Sergeant said we have to put you out.

ANSWER:

Defendants deny the allegations of this paragraph.

30.     Plaintiff, Reginald Payton, told defendants Bell and Centeno that what they were doing was illegal and whatever paper work they were relying upon was not valid. Nonetheless, these defendants insisted that Plaintiff leave the Property immediately.

ANSWER:

Defendants deny the allegations of this paragraph.

31.     As matters progressed, defendant Bell and Centeno did not allow Reginald Payton to take any of his possessions or trade fixtures; they only allowed him to take the clothes on his back.

ANSWER:

Defendants deny the allegations of this paragraph.

32.  In a show of force, these two defendants physically removed Reginald Payton from the second floor level to the first floor with one officer in front of Reginald Payton and one officer in back of him.

ANSWER:

Defendants deny the allegations of this paragraph.

33.     Despite Reginald Payton protesting leaving Mike Federow on the Property, officers Bell and Centeno allowed it and told Reginald Payton that Mike Federow was going to secure the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

34.     Defendants Bell and Centeno physically blocked Reginald Payton from re-gaining entry to the Property to secure his safe, photography and video equipment, personal effects and trade fixture, all of which was in clear view and open while Mike Federow and an unknown employee of said defendant remained on the Property with the approval of Bell and Centeno.

ANSWER:

Defendants deny the allegations of this paragraph.

8

35.     For approximately one-half hour officers Bell and Centeno made Plaintiff wait outside in the cold winter weather while Mike Federow installed a wrought iron gate and bar on the outside door, which was the front entry to the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

36. Without receiving any legal basis for the defendants' actions, Reginald Payton while outside and denied the use of his office phone on the Property, used his cell phone to contact his attorney. Despite requests, Bell and Centeno refused to talk to Plaintiffs attorney about their actions.

ANSWER:

Defendants deny the allegations of this paragraph.

37.     While on the street, Reginald Payton requested the name and badge numbers of the police officers, and they immediately called Sergeant Jozelowicz, who came to the Property.

ANSWER:

Defendants admit that Centeno and Bell called for a supervisor and that Sgt. Jozefowicz appeared in response to that call. Defendants deny the remaining allegations of this paragraph.

38.     Plaintiff requested the legal basis for the police action of evicting him and Sergeant Jozelowicz said, "You should have been out already." This Defendant referred to a court order that he retrieved from Mike Federow and did not give Reginald Payton an opportunity to examine it or give him a copy for later reference. Reginald Payton indicated to all present that whatever the document purported to be it was probably fake or forged based on his past practice and history with Mike Federow concerning the lease and negotiations to purchase the Property.

ANSWER:

Defendants admit that Sgt. Jozefowicz discussed the eviction order with plaintiff. Defendants deny the remaining allegations of this paragraph.

39.     Reginald Payton repeated to Defendant Sergeant Jozelowicz that he needed access to secure his possessions and property and was denied access. Meanwhile, Defendants had full access to the Property and Plaintiffs' possessions. Reginald Payton unwillingly left the Property with the defendant Police Officers, Bell and Centeno and Mike Federow in charge.

ANSWER:

Defendants deny the allegations of this paragraph.

40.     During all material times mentioned in this complaint, Plaintiffs received no arrest

9

warrant, search warrant, or order from the Defendants mandating an invasion of his privacy, arrest or eviction from his property.

ANSWER:

Defendants admit that there was no warrant for the arrest of plaintiff or the search of the premises. Defendants received a facially valid eviction notice from defendant Federow. Defendants deny the remaining allegations of this paragraph.

41.     Plaintiff Reginald Payton made two subsequent futile attempts on January 3rd and January 4th to get the police to give him re-entry to his Property and he was told by the yet unknown 13th District Commander that the police would not assist Plaintiff in getting back into the Property since his officers had put Plaintiff out of the Property, regardless of what a judge or plaintiff thought the police should do.

ANSWER:

Defendants lack sufficient information or knowledge to admit or deny the allegations of this paragraph.

**COUNT I**
**(Illegal Search - 42 U.S.C. 1983)**

42.     Plaintiffs reallege paragraphs 1-41 above in haec verba.

ANSWER:

Defendants re-allege the allegations of paragraphs 1-41.

43.     The named and yet unknown government defendants [excepting Mike Federow, Margaret Mahon and MMM Fulton Trust] knew or should have known that no search warrant was issued with respect to the Plaintiffs; further Defendants had no probable cause or good-faith truthful information, or adequate observation to justify a warrantless search. The forced invasion onto the Property was a search. Defendants Mike Federow, Margaret Mahon and MMM Fulton Trust acted in concert with the foregoing named and yet unknown government defendants. The police officers armed invasion into Plaintiffs residence and place of business without probable cause or a warrant valid on its face, and without Plaintiffs' consent, and their subsequent search and seizure of the Plaintiffs' personal property and trade fixtures violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches, and are thus actionable under 42 U.S. C. 1983.

ANSWER:

Defendants deny the allegations of this paragraph.

44.     The acts of extreme threatening physical and verbal behavior and insult by Defendants were the direct and proximate cause of the extreme suffering, pain, mental anguish, stark

terror, emotional trauma, anguish humiliation, fear and constitutional injuries Plaintiffs suffer and continue to suffer.

ANSWER:

Defendants deny the allegations of this paragraph.

45. These acts of excessive force and brutality were in violation of Plaintiffs' Fifth and Fourteenth Amendment rights to be free from summary punishment and deprivation of liberty without due process of law, Fourth and Fourteenth Amendment rights to be free from unreasonable seizures, and Fourteenth Amendment right to substantive due process, and Fourteenth Amendment right to equal protection of the law, and are thus actionable under 42 U.S.C. 1983. The City of Chicago is liable hereunder for the acts of its employees.

The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs, constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

ANSWER:

Defendants deny the allegations of this paragraph.

## COUNT II
### (False Arrest, False Imprisonment)

46. Plaintiffs reallege paragraphs 1-41 above in *haec verba*.

ANSWER:

47. While defendants had no arrest warrant they acted with authority as such Reginald Payton was intimidated, restrained and detained from leaving and returning to the Property.

ANSWER:

Defendants deny the allegations of this paragraph.

48. During relevant times mentioned in this complaint, defendants did collectively restrain and prevent Reginald Payton from recovering his personal property, furnishings and trade fixtures and such plaintiff reasonably believed that he could not depart without the recovery of his property.

ANSWER:

Defendants deny the allegations of this paragraph.

11

49.     Defendants' actions in escorting plaintiff from his property, detaining his possessions and retaining his property by refusing him an opportunity to remove it, all of which against his will, violated his Fourth Amendment right to be free from unreasonable seizures, and the Fourteenth Amendment right to due process, and are actionable under 42U.S.C. 1983.

The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

ANSWER:

Defendants deny the allegations of this paragraph.

## COUNT III
### (Excessive Force)

50.     Plaintiffs reallege paragraphs 1-41 and 44-45 above in *haec verba*.

ANSWER:

51.     On information and belief, the defendant's Bell and Centeno entered the Property without peaceful entry as the burglar alarm sounded.

ANSWER:

Defendants deny the allegations of this paragraph.

52.     The foregoing defendants concealed their presence and identity when asked by plaintiff Reginald Payton and they appeared in the business section of the photography studio without first knocking and announcing their presence and official capacity as Chicago Police officers.

ANSWER:

Defendants deny the allegations of this paragraph.

53.     The presence of the defendant police officers and their insulting and provoking conduct exemplified by repeating "you've got to go", "we are following orders" and "we are here to put you out" was to intimidate, humiliate, oppress and exercise domination over plaintiff while under defendant's Bell and Centeno control and authority.

ANSWER:

Defendants deny the allegations of this paragraph.

54.    Further said conduct was unreasonable and unnecessary and done to settle a private, contractual dispute by intimidation of Reginald Payton to communicate that he was helpless and totally dependant upon said defendant's will.

ANSWER:

Defendants deny the allegations of this paragraph.

55.    Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to plaintiffs rights and done for the sole purpose of depriving the plaintiffs of their constitutional rights.

ANSWER:

Defendants deny the allegations of this paragraph.

56.    Defendants conduct deprived the plaintiffs of due process and equal protection of the law as secured by the Fourteenth Amendment.

ANSWER:

Defendants deny the allegations of this paragraph.

57.    Reginald Payton did not vacate the Property willingly because of the apparent authority of the defendant Chicago Police officers.

ANSWER:

Defendants deny the allegations of this paragraph.

58.    The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

ANSWER:

Defendants deny the allegations of this paragraph.

59.    None of defendant Chicago Police officers known and presently unknown, interceded or prevented the wrongs inflicted upon the plaintiffs.

ANSWER:

Defendants deny the allegations of this paragraph and further deny that a duty to intercede exists under the United States Constitution or 42 U.S.C. §1983.

13

60.     As a direct and proximate consequence of the conduct alleged herein, the plaintiffs suffered and continue to suffer extreme pain and mental anguish, emotional trauma, anguish, humiliation, fear and constitutional injuries as alleged above.

ANSWER:

Defendants deny the allegations of this paragraph.

## COUNT IV
### (Forcible Eviction/ Breach of Quiet Enjoyment)

Defendants do not answer the allegations of this count because it was dismissed by order of court on May 5, 2008.

## COUNT V
### (Conversion)

Defendants do not answer the allegations of this count because it was dismissed by order of court on May 5, 2008.

## COUNT VI
### (Conspiracy Sec. 1985)

74.     Plaintiffs reallege paragraphs 1-41 and 44-45 above in *haec verba.*

ANSWER:

75.     Defendant Mike Federow initiated an unfounded complaint against plaintiff to enlist police action to evict plaintiffs from the Property.

ANSWER:

Defendants obtained a facially valid order of eviction from defendant Federow. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.

76.     Defendant Chicago Police officers, known and yet unknown, acted in concert with defendants Mike Federow, Margaret Mahon and MMM Fulton Trust to deprive plaintiff of equal protection under the law and to deprive plaintiff of his property without due process as secured by the Fourteenth Amendment, and are actionable under 42 U.S.C. 1985.

ANSWER:

Defendants deny the allegations of this paragraph.

77.     There was no need for the exercise of police power to settle a private, contractual

dispute between defendants Mike Federow, Margaret Mahon, MMM Fulton Trust and plaintiffs.

ANSWER:

Defendants deny the allegations of this paragraph.

78. Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to plaintiffs' rights and done for the sole purpose of depriving the plaintiffs of their constitutional rights.

ANSWER:

Defendants deny the allegations of this paragraph.

79. As a direct consequence and proximate cause of defendants conduct, plaintiff suffered damages.

ANSWER:

Defendants deny the allegations of this paragraph.

80. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Plaintiffs constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Plaintiffs, and if not intentional, shows an utter indifference to or conscious disregard their safety or property.

ANSWER:

Defendants deny the allegations of this paragraph.

**COUNT VII**
**(Trespass)**

Defendants do not answer the allegations of this count because it was dismissed by order of court on May 5, 2008.

**COUNT VIII**
**(Intentional Inflection of Emotional Distress)**

Defendants do not answer the allegations of this count because it was dismissed by order of court on May 5, 2008.

15

## AFFIRMATIVE DEFENSES

1.     The defendant officers are government officials, namely officers, who perform discretionary functions.  At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendant officers and having the information that they possessed could have believed that their actions to be lawful and not in violation of any clearly established law.  Defendant officers, therefore, are entitled to qualified immunity as to plaintiff's federal claims.

2.     In terms of plaintiff's federal law claims, those claims are barred under the two-year statute of limitations.

3.     To the extent any injuries or damages claimed by plaintiff was proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this case.

4.     To the extent that plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate attributed to plaintiff by the jury in this case.

5.     To the extent plaintiff challenged the conduct of the defendants, including Federow, before the housing court which are subject to this case, and was unsuccessful with such arguments, plaintiff is collaterally estopped from making similar arguments/claims in this case.

## FED. R. CIV. P. 12(b)(6) DEFENSES

1.     An award of punitive damages would deprive defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a)  liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;
(b)  the award of punitive damages is disproportionate to actual damages.

## JURY DEMAND

Defendant police officers requests trial by jury.

16

CITY OF CHICAGO, a Municipal Corporation
MARA S. GEORGES, Corporation Counsel


BY:     s/ J. Ernest Mincy
        J. ERNEST MINCY
        Assistant Corporation Counsel
        Attorney for Defendants Jozefowicz and Bell


MARA S. GEORGES, Corporation Counsel
JOHN H. EHRLICH, Deputy Corporation Counsel
ERNEST MINCY, Assistant Corporation Counsel
30 North LaSalle Street, Suite 800
Chicago, Illinois 60602
(312) 742-0094
Attorney No. 90909

17