IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD PAYTON and PAYTON STUDIOS, INC., an Illinois corporation, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 07 cv 3736 |
| THE CITY OF CHICAGO; PHILIP J. CLINE, Chicago Police Superintendent, individually and in his official capacity; JOHN DOE, yet unknown employee of the Chicago Police Department, Chicago Police Officers Sargeant JOSEFOWICZ, No. 1666, Officer CENTENO, No. 15252, and Officer Bell, No. 13943; MICHAEL FEDEROW; MARGARENT MAHON; and MMM FULTON TRUST, | ) ) ) ) ) ) ) ) ) ) ) | Judge Joan H. Lefkow |
| Defendants. | ) | |

## MOTION TO DISMISS

Defendants, **MICHAEL FEDEROW, MARGARET MAHON and MMM FULTON TRUST,** by and through their attorneys, **LANDRY & ASSOCIATES**, and, pursuant to Fed.R.Civ.P. 12(b)(4), respectfully move to dismiss Plaintiffs' First Amended Complaint at Law, and in support of such Motion states as follows:

## I      INTRODUCTION

On May 5, 2008, this Court dismissed Plaintiffs' state law claims as to Defendants, City of Chicago, Philip J. Cline, Sgt. Jozefowicz and Officer Bell with prejudice, specifically Count IV (wrongful eviction), Count V (conversion), Count VII (trespass), and Count VIII (intentional infliction of emotional distress), as well as to Defendants City of Chicago and the Chicago Police

Superintendent without prejudice, but left intact Plaintiffs' federal claims of unlawful search ( Count I), unlawful seizure (Count II), excessive force (Count III) and conspiracy (Count VI).

On June 24, 2008, Defendants Michael Federow, Margaret Mahon[1] and MMM Fulton Trust, were served with Summons in the instant cause, and as a result they gained their first knowledge of these proceedings.

A fair examination of the Counts after this Court's Order of May 5, 2008, leaves intact three counts specifically sounding against the City of Chicago and certain of its officers (Counts I, II and III), and one count in which the City of Chicago and the Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust (Count VI) are charged as to possible conspiracy. Left unchallenged to this point are possible state claims contained in dismissed Counts IV (wrongful eviction), V (conversion), VII (trespass) and VIII (intentional infliction of emotional distress) as to these Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust.

Service upon Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust, was not effected until June June 24, 2008, a period of some 357 days after the within cause was removed to this Court. Under the circumstances, Fed.R.Civ.P. 4(m) requires the within matter to be dismissed.

## II    ARGUMENT

**THE PLAINTIFFS DELAY IN SERVING DEFENDANTS MICHAEL FEDEROW, MARGARET MAHON and MMM FULTON TRUST MANDATES THE DISMISSAL OF THE WITHIN CAUSE AS TO THESE DEFENDANTS.**

---

[1] For the record the correct name and spelling of this Defendant is Margaret McMahon, and she is the wife of Defendant Michael Federow. Plaintiffs have repeatedly spelled and used her name in error.

On July 3, 2007, the within cause, on motion of The City of Chicago and Defendants Josefowicz and Centeno, was removed from state court to this Court. Plaintiffs' original cause was filed in state court on December 26, 2006. While the present action was pending in state court Plaintiffs did not serve Defendants Michael Federow, Margaret Mahon or MMM Fulton Trust. Service was made only upon these defendants *after* Plaintiffs had received a ruling from this Court on May 5, 2008 on the Defendant City of Chicago and Sgt. Jozefowicz and Officer Bell's Motion To Dismiss. In fact, Summons for service upon Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust were not issued until June 23, 2008. These Defendants were then served on June 24, 2008.

Federal Rule of Civil Procedure 4(m) provides as follows:

**(m) Time Limit for Service.**

" If service of the summons and complaint is not made upon a defendant with 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to (f) or (j)(1)."

More than 120 days elapsed from the date of filing of the Complaint until service was made; specifically, 357 days separated the filing date of Plaintiff's Complaint from the date Defendants were served, almost a full year.

Plaintiffs have made no showing why the time period should be extended or that good cause exists for their failure to do so within the strict time limits of Fed.R.Civ.P 4(m), nor does the record reveal any attempts made by Plaintiff before the expiration of the 120 day time limit to enlarge that time period.

When presented with similar motions by defendants in other matters in this District, our courts have uniformly and consistently found the failure of the plaintiff to serve a defendant within the 120-day proscription to require dismissal of the underlying cause, unless "good cause is shown, with "good cause shown" being narrowly defined and infrequently allowed. *See*, for example, *Dunmars* v. *City of Chicago*, 22 F.Supp.2d 777 (N.D.Ill. 1998); *Wilke* v. *Bob's Route 53 Shell Station*, 36 F.Supp.2d 1068 (N.D.Ill.1999); *Sullivan* v. *Mitchell*, 151 F.R.D.331 (N.D.Ill. 1993); *Garrett* v. *Miller*, No. 02 C 5437, 2003 WL1790954, (N.D.Ill. Apr. 1, 2003); *Rockett* v. *Marten Transp., Ltd.*, No. 99 C 3957, 2000 WL 816785, citing *Scott* v. *Guarantee Reserve Life Ins. Co.*, No. 95 C 6622, 1998 WL 177954 (N.D.Ill. Apr. 7, 1998) and quoting *Bachenski* v. *Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993), "Neither inadvertent failure to serve a defendant within the statutory period nor half-hearted efforts to serve a defendant establish good cause."

Before the instant cause was removed to this Court nearly six months went by during which time Plaintiffs made no attempt to serve these Defendants in state court and, subsequent to its removal to this Court, Plaintiffs have allowed almost a full year to transpire during which time no service or attempt at service was made. Taken together, Plaintiffs have unexplainedly used almost 1 ½ years to serve these defendants, either in state court or federal court.

4

**III     CONCLUSION.**

This Court should grant Defendant Michael Federow, Margaret Mahon and MMM Fulton Trust's Motion To Dismiss as Plaintiffs have failed to serve these defendants within the time proscribed by Fed.R.Civ.P.4(m).

Wherefore, Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust respectfully request that this Court enter an Order dismissing Plaintiffs' First Amended Complaint against them pursuant to Fed.R.Civ.P.12(b)(4) and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,
**LANDRY & ASSOCIATES**

By     /s/ John D. Landry
Attorney for Defendants
Michael Federow
Margaret Mahon
MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163

5

## PROOF OF SERVICE:

I, the undersigned attorney, certify that a copy of Defendants' Motion To Dismiss was served on the parties listed below via electronic notice on July 31, 2008:

J. Earnest Mincy, Assistant Corporation Counsel, City of Chicago, 30 N. LaSalle Street, Suite 1040, Chicago, Illinois 60602.

I, the undersigned attorney, certify that a copy of Defendants' Motion To Dismiss was served on the parties listed below by U.S. Mail, on July 31, 2008, by depositing a true and correct copy of same in the U.S. Mail Box, located at 120 E. Ogden Avenue, Hinsdale, Illinois 60521, before the hour of 5:00 p .m., with proper postage prepaid:

Simon Love, 1028 S. Wood Street, Chicago, Illinois 60643

/s/ John D. Landry
Attorney for Defendants
  Michael Federow
  Margaret Mahon
  MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163