IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD PAYTON and PAYTON STUDIOS, INC., an Illinois corporation, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 07 cv 3736 |
| THE CITY OF CHICAGO; PHILIP J. CLINE, Chicago Police Superintendent, individually and in his official capacity; JOHN DOE, yet unknown employee of the Chicago Police Department, Chicago Police Officers Sargeant JOSEFOWICZ, No. 1666, Officer CENTENO, No. 15252, and Officer Bell, No. 13943; MICHAEL FEDEROW; MARGARET MAHON; and MMM FULTON TRUST, | ) ) ) ) ) ) ) ) ) ) ) | Judge Joan H. Lefkow |
| Defendants. | ) | |

<u>**REPLY TO RESPONSE TO DEFENDANT'S MOTION TO DISMISS**</u>

Defendants, **MICHAEL FEDEROW, MARGARET McMAHON, and MMM**

**FULTON TRUST,** by and through their attorneys, **LANDRY & ASSOCIATES**, and hereby Reply

to Plaintiff's Response to their Motion To Dismiss pursuant to Fed.R.Civ. 12(b)(4), states as follows:

**II.     Plaintiffs' Argument**

**A.     PLAINTIFF HAS GOOD CAUSE FOR THE DELAY IN SERVING THESE
         DEFENDANTS.**

Without going into a word-for-word, sentence-by-sentence analysis of Plaintiffs' Response,

Plaintiffs' arguments falls into two categories.  First, that these Defendants had knowledge of

Plaintiffs' lawsuit as far back as 2006 and therefore service of process on them was merely a

formality to cement their knowledge.  Second, that because the case was commenced by Plaintiff

originally as a *pro se* litigant, because the Sheriff of Cook County made two failed attempts at

service, because Plaintiffs were defending a Motion To Dismiss, and because of financial constraints imposed by Plaintiffs, those reasons, in and of themselves, should satisfy good cause that the Plaintiffs were using all appropriate means to serve Defendants.

As to Plaintiffs' first point, that Defendants had knowledge as early as 2006, Plaintiffs' have clung to Defendants' phrasing in their Motion To Dismiss that, when served, these Defendants gained their "first knowledge of these proceedings." Motion To Dismiss, Pg.2. This sentence was meant to reflect that the first time Defendants had legal knowledge of the proceedings and not in any general overall sense of legal proceedings involving them (which Defendants steadfastly deny). Up to June 25, 2008, when Defendants were served, Defendants were not in any real sense defendants before this Court, or state court. Personal jurisdiction did not attach until that point.

As to Plaintiffs' second point, Plaintiffs conveniently overlook that they made absolutely no effort to serve these Defendants the entire time between when the other defendants, as represented by the City of Chicago, filed their Motion To Dismiss and the time when this Court ruled on that Motion. That time period represents 228 total days, or 156 working days. As a merely precautionary step, it would seem, a reasonable person, knowing the effect of Fed.R.Civ.P. 4(m), would attempt service upon the other defendants, or, alternatively, would have sought relief from this Court to expand the time period in which these Defendants could be served. There, they could have argued, in a timely fashion, their good faith efforts to serve these Defendants or how, if at all, their efforts were being thwarted.

Plaintiffs essentially concede that, due to budget and financial limitations, they took no steps serve these Defendants until the time when they actually were served on June 25, 2008. Our research

has failed to disclose a single case where the Court has excused timely service, within the meaning of Fed.R.Civ.P. 4(m), based on the Plaintiffs' financial inability to pay for the service itself, or for the legal services attendant to doing so.

Defendants fail to see or find a good faith effort by Plaintiffs in taking nearly a year to effect service. None of the reasons offered by Plaintiffs rise to the level of good faith. They are really excuses which show nothing in terms of good faith.

**B. THE COURT HAS DISCRETION TO EXTEND THE TIME FOR SERVICE EVEN IF GOOD CAUSE FOR THE DELAY IS NOT ESTABLISHED.**

Hoping that this Court will find that Plaintiffs have exercised good faith in their untimely service upon these Defendants, Plaintiffs nevertheless cover their bet by arguing that this Court may, in its discretion, nonetheless permit service to stand, even though it was effected well outside the time permitted by Rule. In this case, Plaintiffs, as they have said are, "throwing [them]sel[ves] on the mercy of the district court." Response, Pg.6. In support of their position, Plaintiffs cite, ***United States v. McLauglin***, No. 05-472 (7th Cir. 2006). While the court in ***McLaughin*** permitted service in that case to stand on the basis that the "delay in service cause[d] zero prejudice to the defendant or third parties," it is clear that because the Defendant owed a substantial sum in unpaid taxes a balancing of interests test clearly weighed in favor of the case proceeding and not being dismissed. Here, the interests clearly show no such prejudice to the Plaintiffs, the statute of limitations notwithstanding. Once again, if Plaintiffs felt that strongly that these Defendants had liability to them, it was incumbent, above all else, to see that Defendants were served within the 120-day period required by Fed.R.Civ.P. 4(m). The fact that Plaintiffs did not do so speaks volumes as to their assessment of Defendants' liability and role with respect to the allegations of their Complaint.

**III. CONCLUSION**

3

For the reasons set forth in Defendants' Motion To Dismiss and this Reply to Response To Motion To Dismiss, Defendants respectfully request that this Court enter an Order dismissing Plaintiffs' First Amended Complaint against them pursuant to Fed.R.Civ.P. 12(b)(4), and for such other and further relief as this Court deems just and necessary.

/s/ John D. Landry
John D. Landry
Attorney for Defendants
  Michael Federow
  Margaret Mahon
  MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163

**PROOF OF SERVICE:**

4

I, the undersigned attorney, certify that a copy of Defendants' Reply to Plaintiffs' Response To Motion To Dismiss was served on the parties listed below via electronic notice on September 23, 2008:

J. Earnest Mincy, Assistant Corporation Counsel, City of Chicago, 30 N. LaSalle Street, Suite 1040, Chicago, Illinois 60602.

I, the undersigned attorney, certify that a copy of Defendants' Motion To Dismiss was served on the parties listed below by U.S. Mail, on August 7, 2008, by depositing a true and correct copy of same in the U.S. Mail Box, located at 120 E. Ogden Avenue, Hinsdale, Illinois 60521, before the hour of 5:00 p .m., with proper postage prepaid:

Simon Love, Esq., 10218 S. Wood Street, Chicago, Illinois 60643

/s/ John D. Landry
Attorney for Defendants
   Michael Federow
   Margaret Mahon
   MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163