Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3736 | **DATE** | 10/2/2008 |
| **CASE TITLE** | Payton vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

In-court ruling held.  Motion to Dismiss brought by Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust [which appears on the docket three times at # 36, 37, & 39] is granted.  All claims against Defendants Michael Federow, Margaret Mahon and MMM Fulton Trust are therefore dismissed without prejudice.  Plaintiffs have 21 days to replead.

■[ For further details see text below.]

Docketing to mail notices.

00:02

---

## STATEMENT

Defendants Michael Federow, Margaret Mahon, improperly named in Plaintiffs' First Amended Complaint as Margaret Mahon, and MMM Fulton Trust  ("Property Defendants") move to dismiss the First Amended Complaint filed by Reginald Payton and Payton Studios, Inc. ("Plaintiffs") on the undisputed basis that Plaintiffs failed to comply with the Fed R. Civ. P. 4(m).  Plaintiffs admit that they failed to comply with the rule but argue that they have good cause for doing so.  In the alternative, Plaintiffs argue that they do not have good cause but that the court should nevertheless grant them a discretionary extension of time.  The court finds that the Plaintiffs have not shown "good cause" within the meaning of Fed. R. Civ. P. 4(m).[1] Furthermore, the court declines to grant a discretionary exercise of time.

This case arises from the January 2, 2005 forcible eviction of Plaintiff Reginald Payton from the leased premises where he maintained a photography business, Payton Studios, Inc., and the damage to the property at that location which is alleged to have subsequently resulted.  On December 29, 2006, Plaintiffs filed a *pro se* complaint in state court naming the City of Chicago Police Department and certain police officers as defendants ("Police Defendants").[2]  After retaining counsel, Plaintiffs filed a First Amended Complaint on June 11, 2007, adding the Property Defendants who owned and managed the property from which Plaintiffs were evicted.  The Police Defendants removed the case to this court on July 3, 2007.  On June 24, 2008, 357 days from the date of removal or 237 days after the time for service had elapsed, the Property Defendants were served.

"When considering a process defect like the one involved in this case, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras* v. *Liquid Carbonic Indus. Co.*, 94 F.3d 338, 340 (7th Cir. 1996) (internal citations omitted).  If good cause is shown, "the court has no choice but to extend the time for service. And the inquiry is ended.  If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id*. at 340-41.

The court first considers whether Plaintiffs have shown "good cause" for their failure to serve the

## STATEMENT

Property Defendants within 120 days of the Notice of Removal. "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman* v. *Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934 (7th Cir. 2002) (citing references omitted); *see also Bachenski* v. *Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) ("[A] plaintiff's attempts at service need be 'at the very least . . . accompanied by some showing of reasonable diligence' before good cause must be found.") (quoting *Tso* v. *Delaney*, 969 F.2d 373, 377 (7th Cir. 1988)).

Plaintiffs never attempted to serve the Property Defendants while the case was pending in state court[3] and Plaintiffs' sole attempt to comply with the requirements of Rule 4(m) after removal was to send a waiver of service to the Property Defendants on September 7, 2007. Plaintiffs suggest that the Property Defendants evaded service and had actual knowledge of the suit because they presumably received, but chose not return, the Waivers of Service. This argument, however, is undermined by a statement made by Plaintiffs' own counsel at the June 19, 2008 status hearing that the waivers had been returned "undeliverable." *See* Tr. Ct. Proceedings from June 19, 2008. The Property Defendants also appear to deny receiving the waivers. *See* Defs.' Reply in Supp. of its Mot. to Dismiss at 2. Moreover, even if the Property Defendants had received the waivers and decided not to return them, this would not constitute evasion of service. The Seventh Circuit rejected the same argument in *Troxell* v. *Fedders of North America, Inc.*: "A defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege. [Plaintiff's] effort to blame [the defendant] for her problems because it refused to return the waiver form fundamentally misunderstands the system established by *Rule 4*." 160 F.3d 381, 383 (7th Cir. 1998). Thus, Plaintiff has not established that the Property Defendants were evading service or had actual knowledge of the lawsuit.

Most important to the court's determination that good cause does not exist, however, is Plaintiffs' own admission that they actually instructed their attorney "not to incur additional costs of service on the property owners." Pls.' Resp. to Defs.' Mot. to Dismiss at 4. Because Plaintiffs made only one unsuccessful attempt to have service waived and thereafter made a conscious decision not to serve the Property Defendants, Plaintiffs' have failed to show "good cause" within the meaning of Rule 4(m). Accordingly, the court must next determine whether it should exercise its discretion to grant a permissive extension.

Courts may consider several factors in granting permissive extensions, including whether the applicable statute of limitations would bar the refiled action; whether the defendant has suffered any prejudice by the delay; whether the defendant received actual notice of the lawsuit, is evading service or otherwise concealing defects in service; and when and whether service was eventually made. *See Coleman,* 290 F.3d. at 934; *Troxell*, 160 F.3d at 383; *Panaras*, 94 F.3d at 341 (citing Fed. R. Civ. P. Advisory Committee Note, 1993 Amendments); *see also Thompson* v. *Chertoff*, No. 03-004, 2006 U.S. Dist. LEXIS 75544 at *5 (N.D. Ind. October 13, 2006) (collecting cases).

Plaintiffs make two arguments in favor of a permissive extension. Fist, they argue that if the Property Defendants' motion to dismiss were to be granted, the statue of limitations would bar the refiling of their claims. This argument is not entirely correct. Plaintiffs claims against the Property Defendants for conversion (Count V) and trespass (Count VII) are governed by a 5-year statute of limitations, 735 ILCS 5/13-205, and would not be time-barred. As not all of Plaintiffs' claims against the Property Defendants would be barred upon refiling, this factor does not weigh heavily against dismissal.[4] Second, Plaintiffs suggest that the Property Defendants were evading service and had actual knowledge of the suit. For the reasons discussed above, the court finds this argument unpersuasive.

The court next considers whether the Property Defendants would be prejudiced by permitting the delayed service and when actual service was made. While the Property Defendants do not argue that they would be prejudiced by allowing the claims against them to go forward, they do argue that Plaintiffs waited an impermissibly long time to effect service. The court agrees. Plaintiffs made a conscious decision not to comply with Rule 4(m) when they instructed their attorney not to expend further resources on serving the Property Defendants. Furthermore, Plaintiffs allowed the 120-day limit to elapse without once asking the

**STATEMENT**

court for an extension of time. Not until the court inquired about service at a status hearing on June 19, 2008, 232 days after the 120-day limit had expired, did Plaintiffs inform the court that the Property Defendants had not yet been served. Although Plaintiffs effected service shortly thereafter, it was still 357 days from the date of removal and 237 days after the time for service had elapsed. Because Plaintiffs purposefully waited almost a full-year after removal to effect service, the court declines to excuse Plaintiffs' noncompliance. The motion to dismiss is granted.

1. Rule 4(m) applies to removed cases after the date of removal. *See, e.g. G.G.G. Pizza, Inc.* v. *Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) (internal citations omitted).

2. The original complaint is one-page, single-spaced. It does not specify the laws under which the claims were made, the amount of damages sought, on whose behalf the claims were brought or against whom they were made. Although the original complaint appears to seek recovery from the Property Defendants and although the Cook County Sheriff unsuccessfully attempted to serve them in January 2006, Plaintiffs state that they did not name the Property Defendants until filing the First Amended Complaint in June 2007. Pl. Resp. in Opp. to Mot. to Dismiss at 2-3. Therefore, the court will not consider the pre-First Amended Complaint attempt to serve the Property Defendants in its "good cause" analysis.

3. The state court granted Plaintiffs' motion to appoint a special process server on June 25, 2007, and Plaintiffs allege they began the process of obtaining a special process and negotiating fees for service but admit they abandoned that process once the Police Defendants removed the case and filed a motion to dismiss. *See* Pls.' Resp. to Defs.' Mot. to Dismiss at 3.

4. In addition, it has come to the court's attention that Plaintiffs' claims which are subject to two a two-year statute of limitations, such as conspiracy under 42 U.S.C. §1985 (Count VI) and intentional infliction of emotional distress (Count VIII), may have been untimely filed in the first instance. Plaintiffs' appear to concede that the Property Defendants were not named until the First Amended Complaint was filed on June 11, 2007, more than two-years after the date of Plaintiffs' forcible eviction, and the court is not aware of any evidence tending to show that the Property Defendants had actual knowledge of the suit before that time. Thus, the relation back doctrine may not apply.