# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**REGINALD PAYTON**

      Plaintiffs.

      -vs-                             No. 07 CV 3736
                                           Judge Lefkow
                                           JURY DEMAND

**JOHN DOE, yet unknown employee of the**
**Chicago Police Department Chicago Police Officers**
**Sergeant JOZEFOWICZ No. 1666, aka Sgt. JOZEFOWICA;**
**Officer CENTENO No. 15252, and**
**Officer BELL No. 13943; MICHAEL FEDEROW;**
**MARGARET MAHON, aka MARGARET McMAHON; and**
**MMM FULTON TRUST,**

      Defendants.

## SECOND AMENDED COMPLAINT

Now Comes, plaintiff, Reginald Payton (Payton) by and through his attorney, Simon Love, and complain as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1981, 1983 *et seq.*; the Constitution of the United States and the Fourth, Fifth, Ninth and Fourteenth Amendments thereof. The amount in controversy exceeds $50,000, exclusive of costs and interest against each Defendant.

### PARTIES

2. Payton is a 52 year old citizen of the United States and resident of Chicago, Illinois, who at all times mentioned, was the principal owner and operator of Payton Studios Inc., the commercial photography business at 2709 W. Fulton Street, Chicago, IL 60612.

3. Defendant John Doe is a yet unknown employee of the Chicago Police Department in the management position as District Commander of the 13th District Police Station of the Chicago Police Department. As such, his position is responsible for the policies, practices, customs and personnel of the 13th District police station. He is sued individually and in his official capacity.

4. Defendants Sergeant Jozefowicz, aka Sgt. Jozefowica, Badge No. 1666; Officer Centeno, Badge No. 15252; and Officer Bell, Badge No. 13943 at all times mentioned in the complaint are Chicago Police officers and each are sued individually and in their official capacity.

5. Defendants Michael Federow and Margaret Mahon, aka Margaret McMahon, are citizens of the United States and residents of the City of Chicago and beneficial owners of the MMM Fulton Trust.

6. Defendant MMM Fulton Trust is an Illinois Trust and legal title holder of the property at 2709 W. Fulton, Chicago, Illinois 60612.

7. All governmental defendants were, at all times material to this complaint, acting within the scope of their employment and under color of law.


FACTS

8. On or about March 1, 2001, Payton doing business as Payton Studios, Inc. as Tenant, and Defendant Mike Federow, as Landlord, entered into a valid commercial lease for a three year term beginning March 1, 2001 and ending on February 28, 2004, for the use and occupancy of the loft premises at 2709 W. Fulton, Chicago, Illinois 60612 (the "Property") as a commercial photography studio.

9. The Property was a three story loft, approximately 2,900 square feet, having an entrance on Fulton, three entrances on the rear, and one on the third floor patio. At Payton's cost and expense, Payton made interior improvements to the Property and attached trade fixtures as the Property was not finished for Payton's intended use.

10. Upon the expiration of the lease, Payton and Defendant Mike Federow were negotiating a new lease with an option to purchase the Property by Payton, so the

lease continued on a month-to-month basis on the same terms as the expired lease during the material time of the matters alleged in this complaint.

11. On Sunday January 2, 2005 around 6:00 p.m., Payton was present on the Property and he heard the burglar alarm warning him someone had forcibly entered the Property without authority or consent.

12. Payton on hearing the alarm went to the third floor level of the loft and returned to the second floor where he heard voices and asked for the intruders to identify themselves. There was no response.

13. Payton returned to the second floor level seeking cover and protection from the intruder as he was thinking a burglary or home invasion was imminent.

14. Without provocation, warning or identification, Defendants Centeno and Bell uniformed and armed with automatic weapons opened the entry door to the second floor level which gave them immediate access to the business office section of the studio whereupon Payton asked what's going on?

15. Defendants Centeno and Bell asked for Payton, who identified himself as that person and asked why.

16. Said defendants stated that Payton had to leave the premises immediately.

17. Payton, not believing what he heard, asked for the basis on which he had to leave the Property.

18. Defendant officers Bell and Centeno stated "our Sergeant said you have got to get out now and we have to put you out".

19. Payton deemed this action incredulous and asked more questions as to the basis for this police action whereupon, he was told by the defendant officers that they did not know, but were following orders.

20. While Payton and the two defendant police officers were discussing the basis for ousting Payton from the property, the intimidation by said officers increased because Payton was not prepared to leave and questioned the legal basis for evicting him from the Property.

21. Shortly afterwards defendant Mike Federow entered the second floor level of the Property where defendant Centeno and Bell were located.

22. At that time, Payton asked the police officers what was the purpose of defendant Mike Federow being present and these defendants responded by saying defendant Federow was there to secure the Property.

23. Facing the collective assault on Payton's right to possession of the Property, Payton asked the defendants whether any of them had any paper work, warrant or other document indicating that Payton or Payton Studios, Inc. had to vacate the Property.

24. Defendants Bell and Centeno said that defendant Mike Federow had shown their Sergeant a piece of paper indicating Payton had to vacate the Property. When queried, these two defendant police officers capitulated and said they didn't have the paper work, but Payton had to leave the Property in any event.

25. In response to every attempt to get a precise explanation for their actions, defendants Bell and Centeno reiterated that their Sergeant said we have to put you out.

26. Payton told defendants Bell and Centeno that what they were doing was illegal and whatever paper work they were relying upon was not valid. Nonetheless, these defendants insisted that Payton leave the Property immediately.

27. As matters progressed, defendant Bell and Centeno did not allow Payton to take any of his possessions or trade fixtures; they only allowed him to take the clothes on his back.

28. In a show of force, these two defendants physically removed Payton from the of the second floor level to the first floor with one officer in front of Payton and one officer in back of him.

29. Despite Payton protesting leaving Mike Federow on the Property, officers Bell and Centeno allowed it and told Payton that Mike Federow was going to secure the Property.

30. Defendants Bell and Centeno physically blocked Payton from re-gaining entry to the Property to secure his safe, photography and video equipment, personal effects and trade fixture, all of which was in clear view and open while Mike Federow and an unknown employee of said defendant remained on the Property with the approval of Bell and Centeno.

31. For approximately one-half hour officers Bell and Centeno made Payton wait outside in the cold winter weather while Mike Federow installed a wrought iron gate and bar on the outside door, which was the front entry to the Property.

32. Without receiving any legal basis for the defendants' actions, Payton while outside and denied the use of his office phone on the Property, used his cell phone to contact his attorney. Despite requests, Bell and Centeno refused to talk to Payton's attorney about their actions.

33. While on the street, Payton requested the name and badge numbers of the police officers, and they immediately called Sergeant Jozefowica, who came to the Property.

34. Payton requested the legal basis for the police action of evicting him and Sergeant Jozefowica said, "You should have been out already." This Defendant referred to a court order that he retrieved from Mike Federow and did not give Payton an opportunity to examine it or give him a copy for later reference. Payton indicated to all present that whatever the document purported to be it was probably fake or forged based on his past practice and history with Mike Federow concerning the lease and negotiations to purchase the Property.

35. Payton repeated to Defendant Sergeant Jozefowica that he needed access to secure his possessions and property and was denied access. Meanwhile, Defendants had full access to the Property and Payton's possessions. Payton unwillingly left the Property with the defendant Police Officers, Bell and Centeno and Mike Federow in charge.

36. During all material times mentioned in this complaint, Payton received no arrest warrant, search warrant, or order from the Defendants mandating an invasion of his privacy, arrest or eviction from his property.

37. Payton made two subsequent futile attempts on January 3rd and January 4th to get the police to give him re-entry to his Property and he was told by the yet unknown 13th District Commander that the police would not assist Payton in getting back into the Property since his officers had put Payton out of the Property, regardless of what a judge or Payton thought the police should do.

<u>COUNT I</u>

(Illegal Search Sec. 1983)

38. Payton realleges paragraphs 1-37 above in *haec verba.*

39. The named and yet unknown government defendants[excepting Mike Federow, Margaret Mahon and MMM Fulton Trust] knew or should have known that no search warrant was issued with respect to Payton; further Defendants had no probable cause or good-faith truthful information, or adequate observation to justify a warrantless search. The forced invasion onto the Property was a search. Defendants Mike Federow, Margaret Mahon and MMM Fulton Trust acted in concert with the foregoing named and yet unknown government defendants. The police officers armed invasion into Payton's residence and place of business without probable cause or a warrant valid on its face, and without Payton's consent, and their subsequent search and seizure of the Payton's personal property and trade fixtures violated Payton's Fourth Amendment right to be free from unreasonable searches, and are thus actionable under 42 U.S. C. 1983.

40. The acts of extreme threatening physical and verbal behavior and insult by Defendants were the direct and proximate cause of the extreme suffering, pain, mental anguish, stark terror, emotional trauma, anguish humiliation, fear and constitutional injuries Payton suffers and continues to suffer.

41. These acts of excessive force and brutality were in violation of Payton's Fifth and Fourteenth Amendment rights to be free from summary punishment and deprivation of liberty without due process of law, Fourth and Fourteenth Amendment rights to be free from unreasonable seizures, and Fourteenth Amendment right to substantive due process, and Fourteenth Amendment right to equal protection of the law, and are thus actionable under 42 U.S.C. 1983. The City of Chicago is liable hereunder for the acts of its employees.

The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's, constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Payton, and if not intentional, shows an utter indifference to or conscious disregard to his safety or property.

WHEREFORE, Payton prays this Court award him the following:

A.  Judgment for compensatory damages against the defendants jointly and severally in excess of  $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B.  Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C.   Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

<u>COUNT II</u>

(False Arrest, False Imprisonment)

42. Payton realleges paragraphs 1-37 above in *haec verba.*

43.  While defendants had no arrest warrant they acted with authority as such Payton was intimidated, restrained and detained from leaving and returning to the Property.

44. During relevant times mentioned in this complaint, defendants did collectively retrain and prevent Payton from recovering his personal property, furnishings and trade fixtures and he reasonably believed that he could not depart without the recovery of his property.

45. Defendants' actions in escorting plaintiff  from his property, detaining his possessions and retaining his property by refusing him an opportunity to remove it, all of which against his will, violated his Fourth Amendment right to be free from unreasonable seizures, and the Fourteenth Amendment right to due process, and are actionable under 42 U.S.C. 1983.

46. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's constitutional rights.  Defendants conduct showed an actual or deliberate intention to cause harm or injury to Payton, and if not intentional, shows an utter indifference to or conscious disregard his safety or property.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of  $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B.  Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C.   Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT III

(Excessive Force)

47. Payton realleges paragraphs 1-37 and 40-41above in *haec verba.*

48. On information and belief, the defendant's Bell and Centeno entered the Property without peaceful entry as the burglar alarm sounded.

49. The foregoing defendants concealed their presence and identity when asked by Payton and they appeared in the business section of the photography studio without first knocking and announcing their presence and official capacity as Chicago Police officers.

50. The presence of the defendant police officers and their insulting and provoking conduct exemplified by repeating "you've got to go", "we are following orders" and "we are here to put you out" was to intimidate, humiliate, oppress and exercise domination over Payton  while under defendant's Bell and Centeno control and authority.

51. Further said conduct was unreasonable and unnecessary and done to settle a private, contractual dispute by intimidation of Payton to communicate that he was helpless and totally dependant upon said defendant's will.

52. Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to Payton's rights and done for the sole purpose of depriving the Payton of his constitutional rights.

53. Defendants conduct deprived the Payton of due process and equal protection of the law as secured by the Fourteenth Amendment.

54. Payton did not vacate the Property willingly because of the apparent authority of the defendant Chicago Police officers.

55. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's constitutional rights.  Defendants conduct showed an actual or deliberate intention to cause harm or injury to Payton, and if

not intentional, shows an utter indifference to or conscious disregard his safety or property.

56. None of defendant Chicago Police officers known and presently unknown, interceded or prevented the wrongs inflicted upon Payton.

57. As a direct and proximate consequence of the conduct alleged herein, Payton suffered and continue to suffer extreme pain and mental anguish, emotional trauma, anguish, humiliation, fear and constitutional injuries as alleged above.

WHEREFORE, Payton prays this Court award him the following:

A.  Judgment for compensatory damages against the defendants jointly and severally in excess of  $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B.  Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C.   Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

<u>COUNT IV</u>

(Forcible Eviction/ Breach of Quiet Enjoyment)

58. Payton realleges paragraphs 1-37 above in *haec verba.*

59.  The Illinois Forcible Eviction and Detainer Statute provides the exclusive judicial remedy for eviction.  735 ILCS  5/9-101, *et seq.* Self-help is not authorized under Illinois law.

60. At the material times mentioned in the complaint, Payton was in lawful possession of the property and was entitled to quiet enjoyment thereof.

61.  Defendants, Michael Federow, Margaret McMahon, and MMM Fulton Trust (the "Property Defendants") provided no prior notice, nor eviction court order or writ of eviction as required by Illinois law for a forcible eviction of Payton.

62.  As a direct proximate consequence of defendants' actions, Payton suffered damages, personal property damage, injury to business reputation, loss profits, and humiliation.

63. The Property Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's constitutional rights.

Defendants conduct showed an actual or deliberate intention to cause harm or injury to Payton, and if not intentional, shows an utter indifference to or conscious disregard to his safety or property.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the Property Defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the Property Defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT V

(Conversion)

64. Payton realleges paragraphs 1-37 above in *haec verba.*

65. Payton made capital improvements to the Property and used same as a photographic studio also to receive business invitees.

66. The property was furnished and equipped at Payton's' own cost with stove, dishwasher, refrigerator, air-conditioners, track lighting and related items.

67. Over the years, Payton acquired various photographs, films, negatives, prints, and photographic and video equipment for business use. These items were stored at the Property during all relevant times mentioned in the Complaint.

68. Plaintiff was not permitted to recover these items, nor secure them from loss because of defendants' intentional acts ending in barring plaintiff from entry to the premises since January 2, 2005.

69. As a direct result of the Property Defendants' intentional acts, Payton suffered loss, theft, lost profits, damages, destruction, diminished value, loss of use of his business and personal property.

70. The Property Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's constitutional rights. The Property Defendants conduct showed an actual or deliberate intention to cause

10

harm or injury to Payton, and if not intentional, shows an utter indifference to or conscious disregard to his safety or property.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the Property Defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the Property Defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT VI

(Conspiracy Sec. 1985)

71. Payton realleges paragraphs 1-37 and 40-41 above in *haec verba.*

72. Defendant Mike Federow initiated an unfounded complaint against plaintiff to enlist police action to evict Payton from the Property.

73. Defendant Chicago Police officers, known and yet unknown, acted in concert with defendants Mike Federow, Margaret Mahon and MMM Fulton Trust to deprive plaintiff of equal protection under the law and to deprive plaintiff of his property without due process as secured by the Fourteenth Amendment, and are actionable under 42 U.S.C. 1985.

74. There was no need for the exercise of police power to settle a private, contractual dispute between defendants Mike Federow, Margaret Mahon, MMM Fulton Trust and Payton.

75. Defendants acts and conduct as alleged was intentional and without legal justification, with reckless indifference to Payton's' rights and done for the sole purpose of depriving Payton of his constitutional rights.

76. As a direct consequence and proximate cause of defendants' conduct, Payton suffered damages.

77. The Defendants' conduct, individually and together was reckless, oppressive and/or callously indifferent to Payton's constitutional rights. Defendants conduct showed an actual or deliberate intention to cause harm or injury to Payton, and if

11

not intentional, shows an utter indifference to or conscious disregard his safety or property.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

COUNT VII

(Trespass)

78. Payton realleges paragraphs 1-37and 40-41 above in *haec verba.*

79. Payton occupied the Property at 2709 W. Fulton, Chicago, Illinois for more than three years pursuant to a lease agreement with Defendant Mike Federow, acting as managing agent for Margaret Mahon and MMM Fulton Trust.

80. The Property Defendants did or caused the trespass upon Payton's Property absent valid warrant, probable cause, invitation or consent. Said defendants knew, should have known that no legal basis existed for intrusion onto Payton's' Property.

81. Said conduct and non-consensual break-in and invasion of Payton's' Property constitutes a trespass under Illinois law.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the Property Defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

12

## COUNT VIII

(Intentional Inflection of Emotional Distress)

82. Payton realleges paragraphs 1-37 and 40-41 above in *haec verba.*

83. The acts and conduct of the Property Defendants were willful, wonton, malicious and aggravated in that defendants intended to threaten, harass and intimidate Payton. Said action and conduct constitutes intentional inflection of emotional distress and did directly and proximately caused the injuries, pain and suffering to Payton as alleged above.

WHEREFORE, Payton prays this Court award him the following:

A. Judgment for compensatory damages against the Property Defendants jointly and severally in excess of $2,000,000; and because they acted maliciously, willfully and/or wantonly,

B. Judgment for punitive damages against the Property Defendants jointly and severally in excess of $2,000,000; and

C. Such other relief as this Court deems fit and law and justice allow, including costs and attorneys fees pursuant to 42 U.S.C. 1988.

Respectfully submitted,


By:     /S/ Simon Love
        Simon Love
        Attorney for Plaintiff
        10218 South Wood Street
        Chicago, IL 60643
        312.882.0882
        slove2000@ameritech.net
        Atty. No.: 22114