IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD PAYTON and PAYTON STUDIOS, INC., an Illinois corporation, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 07 cv 3736 |
| THE CITY OF CHICAGO; PHILIP J. CLINE, Chicago Police Superintendent, individually and in his official capacity; JOHN DOE, yet unknown employee of the Chicago Police Department, Chicago Police Officers Sargent JOSEFOWICZ, No. 1666, Officer CENTENO, No. 15252, and Officer Bell, No. 13943; MICHAEL FEDEROW; MARGARET MAHON; and MMM FULTON TRUST, | ) ) ) ) ) ) ) ) ) ) ) | Judge Joan H. Lefkow |
| Defendants. | ) | |

**DEFENDANTS MICHAEL FEDEROW, MARGARET MAHON
AND MMM FULTON TRUST ANSWER TO SECOND AMENDED COMPLAINT**

Defendants, **MICHAEL FEDEROW, MARGARET MAHON and MMM FULTON TRUST,** by and through their attorneys, **LANDRY & ASSOCIATES**, answer Plaintiffs' Second Amended Complaint as follows:

**JURISDICTION**

1.     Defendants admit the jurisdiction of this Court is proper under the statutes cited. Defendants deny the amount in controversy exceeds $50,000.00, exclusive of interest and costs.

**PARTIES**

2-4.     Defendants make no answer to these paragraphs as they are directed to other defendants.

5.      Defendants Michael Federow and Margaret Mahon a/k/a Margaret McMahon, admit they are citizens of the United States, but deny each and every allegation of Paragraph Three..

6.      Defendant MMM Fulton Trust admits the allegations of Paragraph Six.

7.      Defendants make no answer to this Paragraph Seven as this paragraph is directed to other defendants.

## FACTS

8.      Defendants admit the allegations of Paragraph Eight.

9.      Defendants admit the allegations of Paragraph Nine.

10.     Defendants admit Payton's lease expired, but deny each and every other allegation of Paragraph Ten.

11.     Defendants neither admit nor deny the allegations of Paragraph Eleven, having no knowledge of same, and therefore demand strict proof thereof.

12.     Defendants neither admit nor deny the allegations of Paragraph Twelve, having no knowledge of same, and therefore demand strict proof thereof.

13.     Defendants neither admit nor deny the allegations of Paragraph Thirteen, having no knowledge of same, and therefore demand strict proof thereof.

14.     Defendants neither admit nor deny the allegations of Paragraph Fourteen, having no knowledge of same, and therefore demand strict proof thereof.

15.     Defendants neither admit nor deny the allegations of Paragraph Fifteen, having no knowledge of same, and therefore demand strict proof thereof.

16.     Defendants neither admit nor deny the allegations of Paragraph Sixteen, having no knowledge of same, and therefore demand strict proof thereof.

17.     Defendants neither admit nor deny the allegations of Paragraph Seventeen, having no knowledge of same, and therefore demand strict proof thereof.

18.     Defendants neither admit nor deny the allegations of Paragraph Eighteen, having no knowledge of same, and therefore demand strict proof thereof.

19.     Defendants neither admit nor deny the allegations of Paragraph Nineteen, having no knowledge of same, and therefore demand strict proof thereof.

20.     Defendants neither admit nor deny the allegations of Paragraph Twenty, having no knowledge of same, and therefore demand strict proof thereof.

21.     Defendants admit the allegations of Paragraph Twenty-One.

22.     Defendants admit the allegations of Paragraph Twenty-Two.

23.     Defendants admit the allegations of Paragraph Twenty-Three.

24.     Defendants deny the allegations of Paragraph Twenty-Four.

25.     Defendants admit the allegations of Paragraph Twenty-Five.

26.     Defendants admit the allegations of Paragraph Twenty-Six.

27.     Defendants admit the allegations of Paragraph Twenty-Seven.

28.     Defendants admit Payton was removed, but deny that the same was a show of force.

29.     Defendants admit the allegations of Paragraph Twenty-Nine.

30.     Defendants admit the allegations of Paragraph Thirty.

31.     Defendants admit the allegations of Paragraph Thirty-One.

32.     Defendants neither admit nor deny the allegations of Paragraph Thirty-Two, having no knowledge of same, and therefore demand strict proof thereof.

33.     Defendants neither admit nor deny the allegations of Paragraph Thirty-Three, having no knowledge of same, and therefore demand strict proof thereof.

34.     Defendants neither admit nor deny the allegations of Paragraph Thirty-Four, having no knowledge of same, and therefore demand strict proof thereof.

35.     Defendants admit the allegations of Paragraph Thirty-Five.

36.     Defendants neither admit nor deny the allegations of Paragraph Thirty-Six, having no knowledge of same, and therefore demand strict proof thereof.

37.     Defendants neither admit nor deny the allegations of Paragraph Thirty-Seven, having no knowledge of same, and therefore demand strict proof thereof.

## COUNT I

(Illegal Search Sec. 1983)

38-41.  These Defendants make no response or answer to Count I as this Count is directed to other defendants.  To the extent, if any, that such Count I refers or implicates these Defendants, such allegations are denied.

## COUNT II

(False Arrest, False Imprisonment)

42-46.  These Defendants make no response or answer to Count II as this Count is directed to other defendants.  To the extent, if any, that such Count II refers or implicates these Defendants, such allegations are denied.

## COUNT III

(Excessive Force)

47-57.   These Defendants make no response or answer to Count III as this Count is directed to other defendants.   To the extent, if any, that such Count III refers or implicates these Defendants, such allegations are denied.

## COUNT IV

(Forcible Evictions/Breach of Quiet Enjoyment)

**NOW COME** the Defendants, **MICHAEL FEDEROW, MARGARET MAHON, a/k/a MARGARET McMAHON and MMM FULTON TRUST,** and in answer to Count IV, state as follows:

58.      Defendants, as and for their answers to Paragraphs 1 to 37, inclusive, of this Count IV,  restate their answers to Paragraph 1 to 37, inclusive.

59.      These Defendants make no answer to Paragraph Fifty-Nine, the same citing the Illinois Forcible Eviction and Detainer Statute, and the same speaks for itself.

60.      These Defendants deny the allegations of Paragraph Sixty.

61.      These Defendants admit the allegations of Paragraph Sixty-One and, further answering, state that Payton's removal from the property was based on the Municipal Code of the City of Chicago and not the Illinois Forcible Eviction and Detainer Statute, a matter over which these Defendants had no control.   Further answering, these Defendants state no private eviction proceedings were initiated by these Defendants, and at all relevant times it was the City of Chicago,

seeking to enforce its Building Code which sought the removal of Payton, and others, from Defendants' property.

62.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Two, having no knowledge of same, and therefore demand strict proof thereof.

63.     Defendants deny the allegations of Paragraph Sixty-Three.

**WHEREFORE,** Defendants, **MICHAEL FEDEROW, MARGARET MAHON, a/k/a MARGARET McMAHON, and MMM FULTON TRUST**, deny that Payton is entitled to judgment in the amount of $2,000,000.00 for compensatory damages and $2,000,000.00 for punitive damages, or any sum whatsoever, and prays that this Count IV be dismissed with prejudice.

### COUNT V

(Conversion)

**NOW COME** the Defendants, **MICHAEL FEDEROW, MARGARET MAHON, a.k.a. MARGARET McMAHON and MMM FULTON TRUST,** and in answer to this Count V, state as follows:

64.     Defendants, as and for their answers to Paragraphs 1 to 37, inclusive, of this Count V, restate their answers to Paragraph 1 to 37, inclusive.

65.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Five, having no knowledge of same, and therefore demand strict proof thereof.

66.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Six, having no knowledge of same, and therefore demand strict proof thereof.

67.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Seven, having no knowledge of same, and therefore demand strict proof thereof.

68.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Eight, having no knowledge of same, and therefore demand strict proof thereof.

69.     Defendants neither admit nor deny the allegations of Paragraph Sixty-Nine, having no knowledge of same, and therefore demand strict proof thereof.

70.     These Defendants deny the allegations of Paragraph Seventy.

**WHEREFORE,** Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a a.k.a. MARGARET McMAHON, and MMM FULTON TRUST**, deny that Payton is entitled to judgment in the amount of $2,000,000.00 for compensatory damages and $2,000,000.00 for punitive damages, or for any attorney's fees and costs, or any sum whatsoever, and prays that this Count V be dismissed with prejudice.

## COUNT VI

(Conspiracy Sec. 1985)

**NOW COME** the Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON and MMM FULTON TRUST,** and in answer to this Count VI, state as follows:

71.     Defendants,  as and for their answers to Paragraphs 1 to 37, inclusive, of this Count VI, restates their answers to Paragraph 1 to 37.

72.     Defendant, Michael Federow, denies the allegations of Paragraph Seventy-Two, and, further answering, states all proceedings were initiated and done by the City of Chicago, under the

Chicago Municipal Code, to stop un-corrected building code violations and for their remediation, a matter over which Defendant, Michael Federow, had no control.

73.     Defendants deny the allegations of Paragraph Seventy-Three.

74.     Defendants deny the allegations of Paragraph Seventy-Four, and, further answering, state all proceedings were initiated and done by the City of Chicago, under the Chicago Municipal Code, to stop un-corrected building code violations and for their remediation over which Defendants had no control.

75.     Defendants deny the allegations of Paragraph Seventy-Five.

76.     Defendants deny the allegations of Paragraph Seventy-Six.

77.     Defendants deny the allegations of Paragraph Seventy-Seven.

**WHEREFORE,** Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON, and MMM FULTON TRUST**, deny that Payton is entitled to judgment in the amount of $2,000,000.00 for compensatory damages and $2,000,000.00 for punitive damages, or for any attorney's fees or costs, or any sum whatsoever, and prays that this Count VI be dismissed with prejudice.

## COUNT VII

(Trespass)

**NOW COME** the Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON and MMM FULTON TRUST,** and in answer to this Count VII, state as follows:

78. Defendants, as and for their answers to Paragraphs 1 to 37, inclusive, of this Count VII, restate their answers to Paragraph 1 to 37.

79. Admit that Payton occupied the property at 2709 W. Fulton, Chicago, Illinois, for more than three years, but deny each and every other allegation of Paragraph Seventy-Nine.

80. Deny the allegations of Paragraph Eighty, and, further answering, state all proceedings were initiated and done by the City of Chicago, under the Chicago Municipal Code, to stop un-corrected building code violations and for their remediation, a matter over which Defendants had no control.

81. Deny the allegations of Paragraph Eighty-One, and, further answering, state all proceedings were initiated and done by the City of Chicago, under the Chicago Municipal Code, to stop un-corrected building code violations and for their remediation, a matter over which Defendants had no control.

**WHEREFORE,** Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON, and MMM FULTON TRUST**, deny that Payton is entitled to judgment in the amount of $2,000,000.00 for compensatory damages and $2,000,000.00 for punitive damages, or for any attorney's fees or costs, or any sum whatsoever, and prays that this Count VII be dismissed with prejudice.

## COUNT VIII

(Intentional Inflection of Emotional Distress)

**NOW COME** the Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON and MMM FULTON TRUST,** and in answer to Count VIII, state as follows:

82.     Defendants,  as and for their answers to Paragraphs 1 to 37, inclusive, of this Count VIII, restate their answers to Paragraph 1 to 37, inclusive.

83.     Deny the allegations of Paragraph Eighty-Three.

**WHEREFORE,** Defendants, **MICHAEL FEDEROW, MARGARET MAHON a/k/a MARGARET McMAHON, and MMM FULTON TRUST**, deny that Payton is entitled to judgment in the amount of $2,000,000.00 for compensatory damages and $2,000,000.00 for punitive damages, or any attorney's fees or costs, or any sum whatsoever, and prays that this Count VIII be dismissed with prejudice.

## **AFFIRMATIVE DEFENSE**

As and for an Affirmative Defense, Defendants allege that all proceedings that are the subject of Payton's Complaint were brought by the City of Chicago under the Chicago Municipal Code when it sought to enforce its Building Code for violations thereof as against the property owned by Defendants, which enforcement proceedings including the mandatory evacuation of all tenants of said property and that the Order requiring such was executed by Police Officers of the City of Chicago, under proceedings entitled, ***The City of Chicago, a Municipal Corporation, Plaintiff, v. Fulton Court, Ltd.***, ***Defendant***, Cause No. 03 M1 404999, then pending in the Circuit Court of Cook County, Illinois. That at no time did Defendant, Michael Federow, initiate said proceedings under the Illinois Entry and Detainer and Eviction Statute, or assist in any manner Police Officers, except to the extent of securing the property from trespass or other use, after the last of the tenants had been mandatorily evacuated.

Respectfully submitted,
**LANDRY & ASSOCIATES**

By    /s/ John D. Landry
Attorney for Defendants
Michael Federow
Margaret Mahon
MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163

## PROOF OF SERVICE:

I, the undersigned attorney, certify that a copy of Defendants' Motion To Dismiss was served on the parties listed below via electronic notice on November 5, 2008:

J. Earnest Mincy, Assistant Corporation Counsel, City of Chicago, 30 N. LaSalle Street, Suite 1040, Chicago, Illinois 60602.

I, the undersigned attorney, certify that a copy of Defendants' Motion To Dismiss was served on the parties listed below by U.S. Mail, on November 5, 2008, by depositing a true and correct copy of same in the U.S. Mail Box, located at 120 E. Ogden Avenue, Hinsdale, Illinois 60521, before the hour of 5:00 p .m., with proper postage prepaid:

Simon Love, 1028 S. Wood Street, Chicago, Illinois 60643

/s/ John D. Landry
Attorney for Defendants
   Michael Federow
   Margaret Mahon
   MMM Fulton Trust

John D. Landry, Esq.
**LANDRY & ASSOCIATES**
Attorneys for Defendants
120 E. Ogden Avenue - Suite 212
Hinsdale, Illinois 60521
Telephone: (630) 321-3600
Illinois ARDC No. 1569163

12